## UNITED STATES v. LANDES.
### No. 351.

Circuit Court of Appeals, Second Circuit.
June 6, 1938.

Lewis Landes, of New York City, appellant in person.

Lamar Hardy, U. S. Atty., of New York City (John F. Dailey, Jr., Asst. U. S. Atty., of New York City, of counsel), for the United States.

Before MANTON, SWAN, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

While acting as counsel for two out of a total of 25 defendants on trial in a criminal cause in the court below, appellant was found guilty of contempt committed in the presence of the court and a fine of $50 imposed. There were 14 lawyers defending various defendants on this indictment which charged a conspiracy and other substantive counts for violation of the narcotic laws. With so many defendants on trial, represented by different counsel, it was agreed among them that on each day one attorney would act as spokesman for the group except as to matters affecting the individual client; one would object for all, and appellant says he was so representing all at the time herein referred to.

A government agent was testifying on direct examination when the following transpired:

"Mr. Martin: I will offer Government's Exhibit 7–A to be received in evidence.

"Mr. Landes: If the record will show, your Honor, that this is only being accepted as against that one particular defendant, not against the others.

"The Court: Overruled as to Ignaro and excluded as to all the other defendants on trial. * * * (fols. 36, 37)

"Mr. Landes: Might I interrupt here, your Honor?

"The Court: Yes.

"Mr. Landes: I would like counsel—in describing the package we do not seem to get the last name. We would like to get the last name.

"The Court: You will find it in the indictment. You will see it in there B-o-y-s-a.

"Mr. Landes: He pleaded guilty.

"The Court: What if he did?

"Mr. Landes: He is not on trial here.

"The Court: It does not make any difference whether he is on trial or not. We are concerned now with the defendant who is on trial by the name of Ignaro.

"Mr. Landes: But he is referring to him as Luciano.

"The Court: Never mind. He says he knew him by that name and he is described in the indictment by that name.

"Mr. Landes: Well, who is Luciano?

"The Court: Please don't begin to get captious here at 4:30 in the afternoon. Please take your seat. Proceed. * * * (fols. 43–46)

"Mr. Landes: I object to the description made by this witness 'some drug' and ask that it be stricken out.

"The Court: Strike out 'some drug'. Brought a can containing something.

"'You know very well that the contents of the can will be established or else it won't have any materiality in this case whatever. Now, the trial of this case will end at half-past four, but I am going to get a full day's work in, and I will count interruptions of that character. Proceed.

"Mr. Landes: Well, I respectfully except, Your Honor, I have a right to object as counsel to what I think—

"The Court: You certainly have a right to object, but the court is not an automaton. I am here to regulate the trial of this case and I am going to have you understand that I am going to operate as the engineer in this case.

"Mr. Landes: Well, Your Honor may be the engineer but I—

"The Court: Take your seat, please.

"Mr. Landes: I object.

"The Court: Take your seat.

"Mr. Landes: I move for a mistrial, your Honor.

"The Court: Take your seat. I will have the marshal put you in your seat.

"Mr. Landes: I have a right to get up and object.

"The Court: Get up and object, but—

"Mr. Landes: I move for a mistrial, your Honor.

"The Court: I impose a fine on you of $50.

"Mr. Landes: I move for a mistrial.

"The Court: Motion denied.

"Mr. Landes: I except.

"The Court: The marshal will put counsel in his seat. You may be a Colonel in the Army, but I am going to be the Judge in this court and you will not interrupt except properly so. The trial is now adjourned. The marshal will take counsel in custody until the fine is paid.

"10:30 tomorrow morning.

"Mr. Landes: Now, your Honor, I would like the record to note that I respectfully except to your Honor's ruling and again move for a mistrial.

"The Court: Motion denied.

"Mr. Landes: I except.

"(The following proceedings were had at the bench not within the hearing of the jury:)

"The Court: I have been more than considerate of you in this case and I consider that your attitude here in the last five minutes was nothing more than captious.

"Mr. Landes: And may the record show that I respectfully except to your Honor's statement, and there is no proof in the record of my doing anything in any way disrespectful to this Court.

"The Court: You have been—

"Mr. Landes: I have a right—I have a right to object.

"The Court: You have been disrespectful.

"Mr. Landes: I have a right to object and I am going to object here as many times as I think it is necessary to protect the interests of my clients.

"The Court: I have told you what your situation is here.

"Mr. Landes: If your Honor wants the $50, here it is.

"The Court: Make it out and leave it here.

"Mr. Landes: I am paying this under protest.

"The Court: I don't care how you pay it. You will pay it.

"Mr. Landes: I will pay it, your Honor. It is paid. (fols. 47–55)"

Title 28, U.S.C.A. § 385, provides: "The said Courts shall have power * * * to punish, by fine or imprisonment, at the discretion of the court, contempts of their authority. Such power to punish contempts shall not be construed to extend to any cases except the misbehavior of any person in their presence, or so near thereto as to obstruct the administration of justice, the misbehavior of any of the officers of said courts in their official transactions, and the disobedience or resistance by any such officer * * * or other person to any lawful writ, process, order, rule, decree, or command of the said courts."

Before appellant was cited for contempt, the court with judicial dignity and learning passed upon the appellant's objections made to the admission of evidence but the appellant persistently continued until his acts and words became, as found by the judge, a misbehavior in the presence of the court.

When a contempt is committed directly under the eye or within view of the court, the judge may proceed upon his own knowledge of the facts and punish the offender without further proof and without issue or trial in any form. Ex parte Terry, 128 U. S. 289, 9 S.Ct. 77, 32 L.Ed. 405; compare Cooke v. U. S. 267 U.S. 517, 45 S.Ct. 390,

69 L.Ed. 767. What occurred when the appellant was ordered to take his seat was an open threat to the orderly procedure of the court and a defiance of the person and presence of the judge before the public there present. If the judge did not act instantly to suppress and punish, a demoralization of the court's authority would follow. The court said in Cooke v. United States, supra (page 395): "Punishment without issue or trial was so contrary to the usual and ordinarily indispensable hearing before judgment constituting due process that the assumption that the court saw everything that went on in open court was required to justify the exception; but the need for immediate penal vindication of the dignity of the court created it."

 The power to punish is inherent in the courts. If order in judicial proceedings is to be preserved with due dignity, the full enforcement of the power to punish must be accorded a judge for it is necessarily a part of the due administration of justice. Ex parte Terry, supra.

 A trial counsel, however zealous in his client's behalf, has a paramount obligation to the due administration of justice. Both the court and counsel should be engaged in its due and orderly administration and in maintaining the authority and dignity of the court. Counsel should never try to injure its authority or attempt defiance thereof. Like the judge, he should banish all impulses to reprisal either by act or repartee. Like the minister of justice, before whom he pleads, he should, without flinching from his duty, control his demeanor and display his learning without personal criticism or an attack upon the judge. This is not impractical, for calm and poise of counsel go far in the course of the true administration of justice and always capture their reward. Counsel should always remember that the controversy with its attendant exasperations is his client's cause. Its aspirations, its irritations, its impulses, its interests, are not the lawyer's to visit upon the judge. The lawyer must not carry these through the portals of the court of justice for in doing so the case has the elements that retard justice and bring the practice and procedure into disrepute. Counsel should not obtrude upon the court the passion, the prejudice, or the unreason of his client. These must be left outside the courtroom door. The controversy that crosses the threshold should be a controversy sifted by the intelligence and shaped by the conscience of the lawyer, not the turmoil of personal dispute. The disesteem and contempt a lawyer has for a judge is inseparable from pride. It is hardly possible for counsel to over-value himself by undervaluing the judge.

 Thus the lawyer, an officer of the court, while entitled to the fullest protection, is subject to the power of the court to compel him to behave with propriety in his conduct before the court. When he oversteps the bounds of good behavior, he may become guilty of contempt and is subject to punishment. A determination of guilt is a fact to be found by the judge and the punishment therefor is within the sound discretion of the court. Creekmore v. United States, 8 Cir., 237 F. 743, L.R.A. 1917C, 845.

 On this record, we will not reverse the determination below of the charge of misbehavior resulting in an adjudication of contempt and the imposition of a fine as punishment.

Order affirmed.