No. 20,210.

JOHN B. SMITH, DISTRICT ATTORNEY, ETC., *v.* DISTRICT COURT OF ALAMOSA COUNTY, HONORABLE GEORGE H. BLICKHAHN, JUDGE.
(371 P. [2d] 271)

Decided May 7, 1962.

Mr. JOHN B. SMITH, pro se, Mr. DONALD G. SMITH for petitioner.

Respondent, pro se.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

THIS is an original proceeding commenced by John B. Smith, district attorney of the Twelfth Judicial District of Colorado, for the purpose of challenging a judgment entered February 1, 1962, under which the petitioner was found by the respondent to be in contempt of court and assessed a fine of $25.00.

In his petition for a rule on respondent to show cause why the challenged judgment should not be vacated, Smith alleged, inter alia:

"3. That on the date aforesaid, two criminal matters had been continued from the previous date of January 31, 1962, to February 1, 1962, at 10:00 o'clock A.M., one for the purposes of arraignment and the other matter for the purposes of taking evidence following a guilty plea; that your petitioner, in his official capacity, had designated George W. Woodard, Deputy District Attorney for Alamosa County, to appear in the District Court at Alamosa to represent the State on the said criminal matters; that on February 1, 1962, your petitioner was appearing in the District Court of Rio Grande County for the routine handling of some eleven criminal cases with some fourteen defendants; that it was not until 9:30 A.M. of February 1, 1962, that your petitioner was advised

that his deputy aforementioned had another appointment for that date; that in the absence of the respondent, George H. Blickhahn, being present at respondent's office in the courthouse, Alamosa, Colorado, your petitioner notified the undersheriff of Alamosa County of his inability to be present or for a deputy District Attorney to be present in the Alamosa District Court on that date and instructed said undersheriff to so inform the Court upon the Court's arrival, that said undersheriff so informed the Court and, further, that your petitioner would return to Alamosa at the hour of 2:30 to 3:00 P.M. that afternoon of said date, that your petitioner did so return and did appear on behalf of the State in the aforementioned criminal matters and at the conclusion of said criminal matters the respondent conducted the proceedings set forth in petitioner's EXHIBIT A."

Exhibit A above referred to is the transcript of proceedings relating to the contempt matter as follows:

"MR. SMITH: We have nothing further your honor. THE JUDGE: The Court has a little something further. MR. SMITH: Yes, sir. THE JUDGE: Court was scheduled for ten o'clock this morning and you or your office was not represented. MR. SMITH: This was regular motion day in Del Norte and I had already planned on being there. My deputy, George Woodard, was committed to an appointment in Monte Vista and therefore was unable to be here at that time. THE JUDGE: The Court was not so advised. This matter was set for hearing at 10:00 A.M. this morning. There have been inconvenienced witnesses, the Sheriff's office, Police Force, counsel, and the Court. The Court doesn't permit a matter of this kind to pass unnoticed and feels that the excuse is not sufficient. It will be the order of the Court that the situation as it exists — the District Attorney is adjudged guilty of contempt of Court and will be fined in the sum of $25.00 and will stand committed to the custody of the Sheriff until the fine is paid. The Court will be in recess."

Following issuance of the Rule to Show Cause the respondent District Court, and the Honorable George H. Blickhahn the Judge thereof, filed "Answer and Return to Rule to Show Cause" in which certain statements contained in the petition filed by Smith were denied. In this connection the Answer contained the following:

" * * * respondent denies that said petitioner, in his official capacity or otherwise, had designated George W. Woodard, deputy District Attorney for Alamosa county, to appear in the District Court at Alamosa to represent the State on said criminal matters, * * * denies that this respondent was not present in his office or chambers in the Court House at Alamosa, Colorado, at the hour of ten o'clock, the same being the hour set for the hearing upon said criminal cases continued from the 31st day of January to the 1st day of February, 1962; and denies that on either of said dates did petitioner instruct or request the undersheriff of Alamosa county to inform the Court upon the Court's arrival, that said petitioner would not be present at the hearing of said cases, * * * .

"Respondent further states on arriving at the Court House he was informed by said undersheriff, that neither said District Attorney, nor his deputy, George W. Woodard, were or would be present to represent the State at the hearing upon said cases."

The single question presented is whether under the situation disclosed by the foregoing, a contempt was committed by the petitioner in the presence of the court which could be summarily punished without formal accusation or process of any kind.

From *Lindsey v. People,* 66 Colo. 343, 181 Pac. 531, we quote the following:

" * * * A contempt committed in the immediate presence of the court while sitting as such is a direct contempt. 13 Corpus Juris 5. A contempt which disrespects the court or obstructs the administration of justice is a criminal contempt. *Wyatt v. People,* 17 Colo. 252-258, 28 Pac. 961, citing Rapalje on Contempts, Sec. 21. Where

140

the contempt is in the immediate presence of the court, summary punishment may be inflicted without affidavit, notice, rule to show cause, or other process. 13 Corpus Juris 63."

See also *Mainland v. People,* 111 Colo. 198, 139 P. (2d) 366; and *Pittman v. District Court, 149 Colo. 380, 369 P. (2d) 85.*

██ It is doubtless true that failure of the district attorney to be present in person or by an official representative resulted in some inconvenience and delay in the transaction of business pending before the court on February 1, 1962. One who thus willfully and intentionally brings about such a result, by conduct committed in the presence of the court, would be guilty of a direct criminal contempt; however in the instant case it is apparent that the question of whether there was any willful intent thus to interfere with the administration of justice depends upon whether facts which are asserted on the one hand and denied on the other are true or false. The answer of respondent has exhibits attached thereto in the form of affidavits concerning matters which happened outside the presence of the court, and thus the answer itself discloses that the contempt of which petitioner was found guilty, if any, did not take place in the presence of the court.

Under the circumstances disclosed by this record we must conclude that the court was without jurisdiction to summarily adjudge petitioner in contempt; that any contempt allegedly committed was not committed in the presence of the court; hence a notice and hearing, followed by specific findings, were necessary as a prerequisite to any judgment finding petitioner in contempt of court.

Accordingly the rule heretofore issued is made absolute.