No. 25316

**Carl L. Harthun, Esq., v. District Court in and for the Second Judicial District of the State of Colorado, the Honorable Gilbert A. Alexander, one of the Judges thereof**

(495 P.2d 539)

Decided April 10, 1972.

Robert L. Pitler, for appellant.

No appearance for appellee.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

This appeal challenges appellant Harthun's conviction for contempt of court. The facts, as revealed in the record, are as follows:

Appellant was sole defense counsel of record in a criminal action before Honorable Gilbert Alexander's division in the district court. The trial, originally to begin on July 7, 1971, was continued until July 12, 1971, because appellant had a conflict on his docket. The trial had commenced on the latter date when, on the following day, the defendant became ill. Because the jury would have to be held over, appellant moved for a mistrial, but motion was not ruled upon. The court continued the trial to July 16th.

When the court reconvened on that date, appellant was not present, but another attorney, Harold J. Heafer, Esq., appeared and informed the court that appellant was in Phoenix, Arizona, arguing a matter in litigation there. Upon

the court's inquiry, Mr. Heafer stated that he was only appearing specially to renew the pending motion for mistrial and was not making an appearance in the case for any other purpose.

After some discussion, Mr. Heafer stated that if the court denied the mistrial or did not continue the matter, he would be forced to appear generally in the defendant's behalf. The court noted that it had not been advised that appellant would not be present on July 16, 1971, although conversation between appellant and the court had taken place on July 14 and 15 concerning resuming the trial on the 16th. The prosecuting attorney advised the court that the appearance of new defense counsel, under the circumstances, might constitute error and joined in the motion for a mistrial. The court denied the motion for mistrial, but continued the matter to July 19, 1971, when appellant would then be available. Judge Alexander then cited appellant for contempt for not appearing in court on July 16, 1971, and ordered that he appear in person on July 19, 1971, to show cause why he should not be held in contempt and punished.

On July 19, 1972, appellant was present in court, and Judge Alexander asked appellant if he desired another judge to hear the contempt case. Appellant deferred decision thereon, requesting and receiving time to obtain an attorney. Subsequently, counsel of record made a formal request for a different judge. Judge Alexander denied the request and conducted the hearing on the citation.

The contested questions of fact at the hearing were (1) whether appellant had arranged for Mr. Heafer to appear generally on July 16, 1972, ready for trial, and (2) whether the trial court was advised prior to July 16, 1972, that appellant had a conflict on that date and would "have to make some arrangement," *i.e.,* whether appellant indicated an intent other than to appear on July 16, 1972.

At the hearing, the prosecution was conducted by Judge Alexander. He cross-examined appellant's witnesses, ruled on the many objections to the manner and substance of the questions, and conducted the questioning of witnesses called

on behalf of the court. At the conclusion, the court found that appellant knew of the conflict prior to July 16, 1971; that appellant at no time indicated an intention other than to be in court on July 16, 1971; that Mr. Heafer made only a special and limited appearance July 16, 1971. The court ruled that "[r]egardless of what the intent of [appellant] was," he did not take the proper steps available to him to inform the court of his July 16, 1971, conflict, and that the failure to appear constituted an obstruction of justice. The court found appellant guilty of contempt and, to vindicate the dignity of the court, imposed a fine of $100 along with $75 for jury and witness fees incurred on July 16, 1971.

At the outset, we call to mind certain fundamental principles. First, an attorney has a duty to the court to appear on the date set by the court for trial, and when he deliberately and willfully causes inconvenience and delay by failing to advise the court that he cannot be present and by failing to appear at the appointed time, he may be adjudged guilty of criminal contempt. Such contempt is indirect where the determination thereof involves matters which occurred outside of the immediate presence of the court when sitting as such. *See Smith v. District Court,* 150 Colo. 136, 371 P.2d 271 (1962).

In the instant case, it is clear that matters involving appellant's intent happened outside the presence of the court. It, therefore, was necessary to hold a hearing on the charge. *See Smith v. District Court, supra.* A procedure which accords with due process of law is essential. *See Austin v. Denver,* 156 Colo. 180, 397 P.2d 743 (1964).

I.

Appellant asserts that the trial court rendered judgment "regardless of appellant's intent" and, therefore, committed error in failing to determine appellant's intent in failing to appear in court on July 16, 1971. As noted above, willful intent to inconvenience and delay the court is essential to a finding of contempt where an attorney fails to appear. *See Smith v. District Court, supra.* The judgment, therefore, must be reversed and remanded for a new trial.

## II.

For the guidance of the trial court if the matter is retried, we deem it advisable to comment on appellant's other arguments.

 Appellant asserts that it was error for the judge who cited him for indirect contempt to also act as trial judge and prosecutor in the later hearing on the charge. Under the circumstances presented in this case, we agree. Although the case at bar does not involve a personal attack and affront to the judge, as was the case in *Cooke v. United States,* 267 U.S. 517, 45 S.Ct. 390, 69 L.Ed. 767 (1925), an indirect contempt case involving an attorney, we subscribe to the rationale therein whereby the court commented that where conditions do not make it impracticable, or where the delay may not injure public or private right, a judge called upon to act in a case of contempt in which he is involved may, without flinching from his duty, properly ask that one of his fellow judges take his place. *Accord, Mayberry v. Pennsylvania,* 400 U.S. 455, 91 S.Ct. 499, 27 L.Ed.2d 532 (1971). The record in this case reveals that the semblance of due process is a sham when the judge is both prosecutor and judge. The fact that the judge is prosecutor in an indirect contempt case, subjects the accused to the possibility of reprisal just as much as in the case of a judge presiding in a contempt case wherein he had been personally attacked. On retrial a different judge should preside, and we additionally note that, since this involves criminal contempt, the district attorney is the proper officer to prosecute the case.

## III.

 Appellant's final argument is that the citation for contempt should have been dismissed since it was not specific enough. We disagree. In *Eatchel v. Lanphere,* 170 Colo. 545, 463 P.2d 457 (1970), we stated:

"The accused can be convicted of no contempt other than that charged in the citation. This Court has recognized that the citation for contempt plays a very important role in enabling the person charged to understandingly shape his course and prepare his defense. [Citing case]"

124

In the instant case, the citation recited that appellant was to appear on a day certain "to show cause if any he has, why he should not be adjudged in contempt of the Court in accordance with Court Order attached hereto." The court order recited that appellant was cited for contempt "[b]ecause of the failure of [appellant] to appear in [the trial] court as directed and ordered to by [the trial] court* * *." We think appellant received notice sufficient to enable him either to defend or explain in mitigation his absence from court on July 16, 1971.

Judgment is reversed and cause remanded with directions that any further proceedings be in accordance with the views expressed herein.