## No. 25999

**J. E. Losavio, Jr., District Attorney in and for the Tenth Judicial District of the State of Colorado v. District Court in and for the Tenth Judicial District, and the Honorable Matt J. Kikel, District Judge within and for the County of Pueblo, State of Colorado**

(512 P.2d 266)

Decided July 2, 1973.

Darol C. Biddle, for petitioner.

Kettelkamp and Vento, P.C., W. C. Kettelkamp, Jr., for respondents.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

In a summary proceeding, the Honorable Matt J. Kikel found J. E. Losavio, the District Attorney for the Tenth Judicial District, to be in contempt of court, sentenced him to fifteen days in jail, and denied a request for a stay of execution. Thereafter, Losavio filed a Petition for a Writ of Prohibition in this Court seeking to prevent the district court from executing the contempt sentence. We issued a rule to show cause and a stay of execution. We now make the rule absolute, direct that the contempt judgment be vacated, and

remand for any proceedings not inconsistent with the views expressed in this opinion.

The case which is before us originated when Losavio appeared before the district court and sought a continuance in a case which was set for trial. In support of his motion, he informed the court that a continuance of the trial date was necessary because of a double setting. He told the judge that the trial setting in his court conflicted with the date set in another division of the court for the trial of felony charges which were made against the court's Chief Probation Officer, Larry E. Trujillo, Sr. He also said that he wanted to prosecute both trials and that Judge Kikel might be called as a witness in the Trujillo case. The court denied the motion. By way of response, Losavio commented to Trujillo, who was seated at the district attorney's counsel table, that, "It must be nice to have him in your corner." The remark clearly referred to Judge Kikel, but was heard only by Trujillo, who immediately informed the court of Losavio's statement. The judge thereupon instituted a summary contempt proceeding. Trujillo was placed under oath and questioned by the judge and again repeated Losavio's remarks. The judge then asked Losavio if he denied making the statement. The district attorney's reply was that he was not under oath. Following the district attorney's response to the trial judge's question, Losavio was found to be guilty of contempt of court, sentenced to fifteen days in jail, and denied a stay of execution.

Losavio raises two issues in this original proceeding. He claims (1) that the summary contempt procedure was improper, and (2) that no contempt was committed. Since we hold that the use of summary contempt power was improper under the circumstances of this case, we need not reach the second issue.

The summary contempt power and its use has been capsulated in these words:

"The power of a judge to punish contempt committed in his presence is not designed to protect his own dignity or person, but to protect the rights of litigants and the public by

ensuring that the administration of justice shall not be thwarted or obstructed.

"A trial judge has power to punish summarily for contempt any lawyer who in his presence willfully contributes to disorder or disruption in the courtroom. The judge may exercise this power without referring the matter to another judge. He may do so at any stage of the proceedings without waiting for their conclusion, and he may do so as many times as appears necessary to ensure fair and orderly proceedings." [Committee on Disruption of the Judicial Process of the American College of Trial Lawyers — Principles as to Disruption of the Judicial Process (Approved by the Regents of the American College of Trial Lawyers, July 1970).]

However, punishment for contempt can only be imposed summarily when a *direct* contempt is committed; that is, when the judge has personal knowledge of the act which has disrupted court proceedings or demonstrated the contemner's disrespect for the court. *Cooke v. United States,* 267 U.S. 517, 45 S.Ct. 390, 69 L.Ed. 767 (1925). *See Nye v. United States,* 313 U.S. 33, 61 S.Ct. 810, 85 L.Ed. 1172 (1941); *Smith v. District Court,* 150 Colo. 136, 371 P.2d 271 (1962).

█ Summary punishment is permitted because a court could not properly administer justice if disturbances within the courtroom could not be suppressed by immediate punishment. *In re Oliver,* 333 U.S. 257, 68 S.Ct. 499, 92 L.Ed. 682 (1948). When the judicial process is effronted or disrupted, the dignity and authority of the court must be vindicated to reestablish the respect which is owed to the court and which is necessary to the proper functioning of the court. *Cooke v. United States, supra; United States v. Landes,* 97 F.2d 378 (2d Cir. 1938); *State v. Wilson,* 30 Ohio St.2d 312, 285 N.E.2d 38 (1972); *People v. Selby,* 156 Colo. 17, 396 P.2d 598 (1964).

█ However, summary punishment for contempt of court must be strictly confined to those instances where the contemptuous conduct occurs in open court and is seen or heard by the trial judge. *Nye v. United States, supra; Cooke v. United States, supra; Stovall v. Crosby,* 171 Colo. 70, 464

P.2d 868 (1970).

In this case, Losavio's statements were made in the courtroom, but were not heard by the trial judge. The first knowledge that the court had of Losavio's remarks came from Trujillo. Trujillo's testimony regarding Losavio's comment was necessary to the trial judge's determination that Losavio exhibited disrespect for the court. If any contempt was committed by Losavio in these circumstances, then it was indirect contempt. Such a situation, involving a possible indirect contempt, requires, as a minimum, notice of the charge, the right to be represented by counsel, a hearing, the right to call and confront witnesses, and specific findings by the court. *Smith v. District Court,* 150 Colo. 136, 371 P.2d 271 (1962). *See Frank v. United States,* 395 U.S. 147, 89 S.Ct. 1503, 23 L.Ed.2d 162 (1969), for an analysis of the right to a jury trial in contempt proceedings. *See also Harthun v. District Court,* 178 Colo. 118, 495 P.2d 539 (1972), for the requirement of a different judge for a trial of an indirect contempt charge.

The summary contempt power may be used to punish acts or conduct which takes place in the immediate presence of the court and is witnessed by the trial judge. All other contempts are indirect and require that constitutional standards be met.

We do not condone Losavio's alleged conduct. If it occurred, when measured by professional standards, it was short of that required of officers of the court, but it did not amount to a *direct* contempt of court. *Nye v. United States, supra.* We point out that lawyers, as officers of the court, must "maintain the respect due to courts and judicial officers. Respect for the law and obedience to the orders and judgments of the tribunals by which it is enforced lies at the very foundation of our society." *State v. Wilson, supra. The Code of Professional Responsibility,* EC 7-36, speaks directly to the point:

"Judicial hearings ought to be conducted through dignified and orderly procedures designed to protect the rights of all parties. Although a lawyer has the duty to represent his client

zealously, he should not engage in any conduct that offends the dignity and decorum of proceedings."
*See also* DR 7-106(c)(6).

Accordingly, we make the rule absolute, direct that the contempt judgment be vacated, and remand for any proceedings not inconsistent with the views expressed in this opinion.