## No. 26914

**Virginia L. Ealy v. The District Court in and for the County of Jefferson, State of Colorado, and Roscoe Pile, one of the judges thereof**

(539 P.2d 1244)

Decided September 8, 1975.

Bruno, Bruno & Bruno, for petitioner.

Sheldon, Bayer, McLean & Glasman, James T. Bayer, for respondents.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

This is an original proceeding brought by petitioner Virginia Ealy challenging an order of respondent district court committing Mrs. Ealy to an indefinite jail term for contempt of court. She petitions for a writ of prohibition challenging the jurisdiction of the court to conduct contempt proceedings without compliance with due process and rules of procedure. This court stayed all proceedings and issued a rule to show cause why respondent's order should not be vacated. We make the rule absolute.

Respondent's order stems from a dissolution of marriage proceeding in which Mrs. Ealy (respondent in the dissolution proceeding) had stipulated orally in court that she would sign joint income tax returns with her husband, Gene Ealy (petitioner in the dissolution case). She and her husband also stipulated that they would reciprocally surrender certain stock certificates to be sold in partial payment of the tax debt.

Two days after the stipulation was made, petitioner's attorney wrote to Mr. Ealy's attorney outlining the circumstances under which the stock would be sold and the tax returns signed. After receiving no response to the letter, Mrs. Ealy directed her attorney to repudiate the stipulation.

On the date that Mrs. Ealy was committed to jail, she had appeared in court for a previously scheduled hearing — the sole purpose of which was to determine awards of child support, maintenance and custody. Two days before that date she had been served with a subpoena duces tecum by Mr. Ealy's counsel requiring her to bring all her stock certificates to the hearing.

Mrs. Ealy complied with the subpoena. On statement of counsel for Mr. Ealy that petitioner had not complied with the stipulation, the court commenced to interrogate her. After several curt questions to which Mrs. Ealy answered "Yes, sir" or "No, sir," the respondent trial judge summarily found her to be in contempt of court and sentenced her to an indefinite jail term pending compliance with the stipulation.

A reading of the record before us fails to reveal that any final order pursuant to the dissolution proceeding was ever entered by the respondent. Furthermore, the court failed to fix either the time, place or circumstances for compliance with the oral stipulation at the time that it was made. The record contains no petition setting forth allegations constituting grounds for citation for contempt. No motion was filed, no citation was issued, and no hearing was scheduled at which she might have answered the charges against her.

The summary fashion in which the trial judge dealt with petitioner's alleged non-compliance with the stipulation constitutes error. Notwithstanding the fact that Mrs. Ealy orally communicated her decision to

the court, her behavior was *not* direct contempt (C.R.C.P. 107(b)) punishable by summary proceedings. What she did was to rescind a previous oral stipulation entered into in open court by directing her attorney to repudiate the stipulation.

▆ The determination of whether this unilateral action constitutes contempt of court would have to be made in compliance with the procedures set forth in C.R.C.P. 107(c). This section requires, *inter alia*, that an alleged contemner be served with a citation to show cause together with a copy of the motion and supporting affidavit upon which the citation was based. It provides for a hearing with the opportunity to answer and defend against the charge. *See also*, C.R.C.P. 107(d). Not a single one of these requirements was met in the present case.

In *Austin v. Denver*, 156 Colo. 180, 397 P.2d 743 (1964), this court reversed a contempt judgment involving alleged misconduct in the presence of and an affront to the dignity of the court. The defendant in that case supposedly made an improper communication to a jury member during a trial recess. The following day, the judge fined her for contempt without providing her with notice of the contempt charge and an opportunity to defend herself. Our ruling on the failure of the court to afford the defendant her day in court reads:

"Essential to due process in contempt proceedings is the right of one to know that the purpose of a hearing is the ascertainment of whether he is guilty of contempt. [Citations omitted.]

". . . it is the duty of the court to apprise him of the object of the hearing. . . .

"Had [defendant] been informed of the purpose of the hearing, she may have had an explanation which would have been exculpatory. At least, she should have been afforded the opportunity to defend herself. . . ."

▆ Just as the trial court's summary handling of the contempt proceeding in *Austin* was held to be error, so was the procedure in the case at bar. Petitioner is entitled to detailed notice and an opportunity to be heard before the contempt sanction can be imposed against her. Also *see Cooke v. United States*, 267 U.S. 517, 45 S.Ct. 390, 69 L.Ed. 767 (1925); *Losavio v. District Court*, 182 Colo. 180, 512 P.2d 266 (1973); and *Harthun v. District Court*, 178 Colo. 118, 495 P.2d 539 (1972).

▆ Petitioner has further requested that this court order the trial judge to disqualify himself from further participation in this case. Under the rationale in *Harthun, supra*, we hold that a different judge should preside at the trial of the contempt charge if a citation to show cause is issued.

Accordingly, we make the rule absolute and remand the cause to the district court for further proceedings not inconsistent with the views expressed herein.