## No. 27056

**Ray R. Duran v. District Court for the County of Adams; The Honorable Jean J. Jacobucci, one of the Judges thereof; and Bert Johnson, Sheriff of Adams County**

(545 P.2d 1365)

Decided February 23, 1976.

Popovich & Tannenbaum, Larry D. Tannenbaum, for petitioner.

Jean J. Jacobucci, pro se.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

This is an original proceeding brought by petitioner Ray Duran (Duran). Challenged is the validity of an order by respondent district court committing him to a total of 41 days in jail for contempt of court. He petitions for a writ of prohibition on the ground the court lacked jurisdiction to impose sentence upon him without compliance with due process and the Colorado rules of civil procedure.

We stayed all proceedings, ordered Duran's release from jail and issued a rule to show cause why the respondent judge's order should not be vacated. We now make the rule absolute.

On July 18, 1975, Duran and his former wife Karyl obtained, as co-petitioners, a decree of dissolution of their marriage. Permanent orders, entered 12 days later, imposed upon Duran the obligation to pay Karyl $100 per month "maintenance" for four months, commencing on August 15, 1975 and continuing thereafter on the 15th day of each month in three successive installments.

On September 15, 1975, Karyl sought issuance of a citation for contempt for failure to pay maintenance; she signed an affidavit to that effect, and an order to show cause was issued. On October 29, 1975, a hearing was held before the court. Duran, who appeared without counsel, was found in contempt of court for not making the payments and was sentenced to 11 days in jail, which sentence was suspended on condition that he "get the payments substantially underway" by the date of a review hearing on December 17, 1975.

Following the October 29 hearing, Karyl was allegedly assaulted in front of the courthouse by Duran's present wife. After the judge was informed of the incident he summarily sentenced Duran to 30 days in jail for contempt. The suspended 11-day sentence was also reinstated. A warrant of commitment was issued but apparently the sheriff was unable to obtain execution upon it.

On December 17, 1975, Duran appeared in court with counsel. The latter's request for a continuance in order to file a C.R.C.P. 60(b) motion was denied. Duran was refused a hearing, and the commitment warrant was immediately executed. This court ordered Duran's release from confinement pending review of the proceedings.

In the show cause answer the respondent contends that Duran's present wife's assault was "substantially" within the presence of the court. Accordingly, it is argued that a summary disposition of the matter was within the court's jurisdiction.

We disagree. Further, we are at a loss to understand how the alleged assault by a third party could in any way constitute contempt *by Duran* either within or without the presence of the court. Even if he "instigated" or was indirectly involved in the attack, as the judge contends, such behavior (occurring in front of the courthouse, outside of the judge's view) would in no event be punishable under the summary procedures of C.R.C.P. 107(b). As we stated in *Losavio v. District Court,* 182 Colo. 180, 512 P.2d 266 (1973):

"The summary contempt power may be used to punish acts or conduct which takes place in the immediate presence of the court *and is witnessed by the trial judge.* All other contempts are indirect and require that constitutional standards be met." (Emphasis added.)

The determination of whether Duran's behavior in regard to this incident constitutes contempt of court would have to be made in compliance with the procedures set forth in C.R.C.P. 107(c). The requirements of this section are outlined in *Ealy v. District Court*, 189 Colo. 308, 539 P.2d 1244 (1975), and cases cited therein. In this case none of the proper procedures were followed; Duran was neither given notice of the charge nor afforded an opportunity to present a defense.

The 11-day jail sentence for failure to comply with the support order is likewise improper. At the time of the October 29 hearing, Duran stated that he was unemployed and was having difficulty securing a job because of a physical disablement. It is well settled that where the evidence discloses that a party is unable to make payments under a support order, there is no "failure to perform an act in the power of the person to perform. . ." (C.R.C.P. 107(d)); a contempt proceeding in such a case must be dismissed. *Murley v. Murley*, 124 Colo. 581, 239 P.2d 706 (1951); *see Eatchel v. Lanphere*, 170 Colo. 545, 463 P.2d 457 (1970). Nevertheless the sentence was suspended and the court was without juris-

diction to summarily reinstate it.

Accordingly, we make the rule absolute, direct that the contempt judgment be vacated, and remand for proceedings not inconsistent with the views expressed herein.

MR. JUSTICE ERICKSON does not participate.