595 P.2d 1060 (1979)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
Donald Edward PALMER, Defendant-Appellant.
No. 78-233.
Colorado Court of Appeals, Div. I.
May 17, 1979.
*1061 J. D. MacFarlane, Atty. Gen., David W. Robbins, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Susan P. Mele-Sernovitz, Asst. Atty. Gen., Denver, for plaintiff-appellee.
Davies & Saint-Veltri, Robert S. Berger, Denver, for defendant-appellant.
STERNBERG, Judge.
Defendant Donald Palmer appeals his sentences for possession of marijuana and contempt of court. We reverse.
In 1973, Palmer pled guilty to possession of more than ½ ounce of marijuana, which was then classified as a narcotic drug, and made illegal by § 12-22-302, C.R.S.1973. At that time the penalty was 2 to 15 years imprisonment and a maximum fine of $10,000.
Palmer failed to appear for sentencing on several occasions over a four year period. When he finally was brought before the court for sentencing in 1977, the penalty for possession of not more than 1 ounce of marijuana, now classified as a dangerous drug, had been changed to a maximum $100 fine, § 12-22-412(12), C.R.S.1973 (1978 Repl. Vol. 5), and for possession of more than 1 ounce to a maximum of one year imprisonment and a $500 fine. Section 12-22-412(6)(a), C.R.S.1973 (1978 Repl. Vol. 5).
The court sentenced Palmer to a term of 12 months in the Larimer County jail, apparently upon consideration of the statement made by Palmer to the court at the hearing on his guilty plea that, "I had a suitcase full of pot under my control."
*1062 Without prior notice to Palmer that contempt was being considered, the court found Palmer in contempt of court for failure to appear at his first sentencing hearing in 1973, and sentenced him to 30 days in the Larimer County jail for contempt. The sentences were to be served consecutively.

I. POSSESSION OF CANNABIS SENTENCE
Palmer argues that he is entitled to the benefits of the legislation reducing the penalty for possession of marijuana, and that the court was without authority to sentence him to the penalty provided for possession of more than 1 ounce of marijuana, when he was convicted of possession of more than ½ ounce. We agree.
In Glazier v. People, Colo., 565 P.2d 935 (1977), which we find controlling, the Supreme Court, approving the trial court's reduction of the penalty to a $100 fine for a defendant who had been convicted of possession of over 1/2 ounce of cannabis, and sentenced to 5 to 8 years imprisonment under the prior statute, stated:
"[A] defendant is entitled to the benefits of amendatory legislation when relief is sought before finality has attached to the judgment of conviction."
See People v. Truesdale, 190 Colo. 286, 546 P.2d 494 (1976); People v. Griswold, 190 Colo. 136, 543 P.2d 1251 (1975); People v. Thomas, 185 Colo. 395, 525 P.2d 1136 (1974); People v. Thornton, 187 Colo. 202, 529 P.2d 628 (1974).
Finality cannot attach to a judgment until sentencing occurs. People v. Arellano, 185 Colo. 280, 524 P.2d 305 (1974); People v. Chavez, 185 Colo. 310, 524 P.2d 307 (1974). Thus, for purposes of applying ameliorating amendatory legislation, the judgment, whether on a conviction or plea of guilty is not final until sentencing takes place. We are not aware of any authority making an exception to this rule where defendant has prevented finality from attaching by fleeing the jurisdiction.
Acceptance of a guilty plea acts as a conviction. Section 16-7-206(3), C.R.S.1973 (1978 Repl. Vol. 8); Rodriquez v. People, 191 Colo. 540, 554 P.2d 291 (1976); People v. Bartsch, 37 Colo.App. 52, 543 P.2d 1273 (1975). And, as stated in Crim.P. 32(c):
"A judgment of conviction shall consist of a recital of the plea, the verdict or findings, the sentence, and cost if any are awarded against the defendant." (emphasis supplied)[1] Palmer pled guilty to the crime of possession of over ½ ounce of cannabis, and it is axiomatic that he can be sentenced only for that crime. His statement as to how much marijuana he actually may have had is irrelevant for this purpose. Thus, he cannot be sentenced under the old statute; rather, he must be sentenced under § 12-22-412(12), C.R.S.1973 (1978 Repl. Vol. 5), which provides a maximum punishment of $100 fine.

II. CONTEMPT SENTENCE
Palmer also contends the sentence for contempt must be vacated, because it was imposed summarily for contempt not in the presence of the court. We agree.
Summary proceedings are proper if the alleged contempt is in the presence of the court. Losavio v. District Court, 182 Colo. 180, 512 P.2d 266 (1973); Shotkin v. Atchison, Topeka & Santa Fe R.R., 124 Colo. 141, 235 P.2d 990 (1951), cert. denied, 343 U.S 906, 72 S.Ct. 638, 96 L.Ed. 1325 (1952); Mainland v. People, 111 Colo. 198, 139 P.2d 366 (1943).
However, there is apparent conflict in the case law of this state as to whether *1063 Palmer's failure to appear for sentencing should be considered contempt committed in the presence of the court. Compare Shotkin, supra, and Mainland, supra, which seem to indicate it is "direct" contempt, with Harthun v. District Court, 178 Colo. 118, 495 P.2d 539 (1972); and Smith v. District Court, 150 Colo. 136, 371 P.2d 271 (1962), reaching a contrary conclusion.
We follow the latter cases. The purpose of permitting summary contempt proceedings is to aid a court in administering justice by punishing immediate disturbances in the courtroom. See Losavio, supra. That need is not present here.
Thus, it was necessary to afford Palmer a notice of the contempt charge at a reasonable time before a hearing on that charge. Ealy v. District Court, 189 Colo. 308, 539 P.2d 1244 (1975); Eatchel v. Lanphere, 170 Colo. 545, 463 P.2d 457 (1970); Urbancich v. Mayberry, 124 Colo. 311, 236 P.2d 535 (1951). See Austin v. City & County of Denver, 156 Colo. 180, 397 P.2d 743 (1964). See also Harthun, supra, and Ealy, supra, regarding the necessity of a hearing before a different judge than the one who issues the contempt citation.
The sentence for possession of marijuana is set aside and the cause is remanded for resentencing. The judgment for contempt is reversed and the cause is remanded for further proceedings consonant with the views expressed herein.
COYTE and VanCISE, JJ., concur.
NOTES
[1] Further support for this determination that a judgment on a guilty plea is not final until sentencing occurs lies in § 16-7-301 and 302, C.R.S.1973 (1978 Repl. Vol. 8), wherein sentence concessions contemplated in plea agreements are discussed; and the latter section and Crim.P. 32(c) allow a defendant time to withdraw a guilty plea before sentencing. Furthermore, § 16-11-102(2) and Crim.P. 11 allow time after a finding of guilt on a plea for presentence and probation application investigation, and the court here continued the matter for this to take place.