**Stephens DOOLEY and Russell Ray, Deputy State Public Defenders, Petitioners,**

v.

**The DISTRICT COURT In and For the SEVENTH JUDICIAL DISTRICT, and the Honorable Thomas A. Goldsmith, one of the Judges thereof, Respondents.**

No. 90SA521.

Supreme Court of Colorado, En Banc.

June 3, 1991.

David F. Vela, State Public Defender, Thomas R. Williamson, Deputy State Public Defender, Denver, for petitioners.

Brooks & Brooks, John A. Brooks, Montrose, for respondents.

Justice ERICKSON delivered the Opinion of the Court.

This is an original proceeding under C.A.R. 21 to prohibit the trial court from enforcing judgments of contempt and sentences issued against the two deputy state public defenders, who are the petitioners. We issued a rule to show cause and now make the rule absolute.

Stephens Dooley was the court-appointed attorney for Timothy Brewster, who was convicted by a jury of second-degree assault on October 2, 1990. The jury failed to reach a verdict on a second charge of first-degree assault, and a retrial was set for December 18, 1990. The defendant was to be sentenced on the second-degree assault conviction by District Court Judge Thomas Goldsmith on November 15, 1990, and that date was continued to November 28, 1990.

Because Dooley had a scheduling conflict, Russell Ray appeared on behalf of Brewster at the November 28, 1990, sentencing hearing. When Ray was asked by Judge Goldsmith whether he had reviewed the presentence investigation report prepared by the probation department with Brewster, Ray admitted that he had not. Judge Goldsmith then gave Ray and Brewster twenty minutes to review the report. After Ray and Brewster returned and stated that they were ready to proceed with sentencing, Judge Goldsmith ordered a two-day continuance, and stated: "And I'm also putting you [Ray] and Mr. Dooley on notice that you are to appear at the end of that sentencing proceeding on Friday to show cause why I should not hold you in contempt for failing to properly prepare for this proceeding." Later that day, Judge Goldsmith issued a contempt citation against Dooley and Ray.

On November 30, 1990, Judge Goldsmith sentenced Brewster to eight years incarceration consecutive to an eight-year sentence imposed by a different judge in an unrelated assault case, and then held the contempt hearing. Dooley and Ray did not respond to the substantive allegation, but alleged that Judge Goldsmith had not complied with the contempt procedures set out in C.R.C.P. 107. Dooley and Ray contended that (1) the contempt hearing should be heard by another judge, (2) adequate notice and time to prepare their case should be given, and (3) the district attorney should be appointed to prosecute the contempt citation. Judge Goldsmith summarily declared that adequate notice and time had been given. He also declined to appoint the district attorney to prosecute the contempt proceeding and refused to refer the contempt proceeding to another judge. In written findings, Judge Goldsmith also rejected the petitioners' argument that C.R.C.P. 107 was applicable, and sentenced both Dooley and Ray to ten days in jail, but later amended Ray's sentence to two days, and suspended that sentence.

■ Under C.R.C.P. 107, contempt is identified as that which occurs in the presence of the court (direct), and that which takes place out of the presence of the court (indirect). Although summary contempt power may be used to ensure that disturbances within the courtroom do not disrupt the proper administration of justice, summary punishment is "strictly confined to those instances where the contemptuous conduct occurs in open court and is seen or heard by the trial judge." *Losavio v. District Court*, 182 Colo. 180, 184–85, 512 P.2d 266, 268 (1973). At a minimum, under C.R.C.P. 107, the prosecution of an indirect contempt requires notice to the accused of the contempt charged and a right to a hearing on that charge. *Id.* at 185, 512 P.2d at 268; *see also People v. Lucero*, 196 Colo. 276, 584 P.2d 1208 (1978).

■ Although the respondent judge now contends that the contempt was direct, at the contempt hearing Judge Goldsmith apparently agreed with Dooley and Ray that the charges related to an indirect contempt.

The fact that Judge Goldsmith ordered a hearing two days after the alleged contemptuous behavior is evidence that he was treating the matter as an indirect contempt citation. We have previously rejected the contention that contempt "substantially" within the presence of the court is direct contempt. *Duran v. District Court*, 190 Colo. 272, 274, 545 P.2d 1365, 1366 (1976). Judge Goldsmith asserted that Dooley's and Ray's lack of preparation for the sentencing hearing, based on their failure to review the presentence report with Brewster, constituted contempt. However, the acts did not take place in open court, and thus must be treated as an allegation of indirect contempt. *See District Attorney v. District Court*, 150 Colo. 136, 371 P.2d 271 (1962) (failure of district attorney or representative to appear in court was indirect, notwithstanding that some inconvenience and delay resulted). As an allegation of indirect contempt, procedures prescribed by C.R.C.P. 107(c) and (d) must be followed. *People v. Madonna*, 651 P.2d 378, 388 (Colo.1982).

■ The respondent judge states that adequate notice was given to Dooley and Ray. *See, e.g., Harthun v. District Court*, 178 Colo. 118, 495 P.2d 539 (1972). The record reflects that the notice in this case was inadequate. The allegation in the citation was that Dooley and Ray were not prepared and thus interfered with the proper administration of justice. In Judge Goldsmith's written finding of contempt, he referred not only to the lack of preparation, but also to Dooley's practices of "resisting the court's legitimate desire to manage its cases," sending the less experienced Ray to "fill-in when he wants to slow things down," filing legally insupportable briefs, and filing important motions on the eve of trial. None of the allegations in the written findings were addressed at the hearing and were not part of the order to show cause. Accordingly, the finding of contempt must be reversed. An accused cannot be convicted of contempt other than that set forth in the charging document. *Eatchel v. Lanphere*, 170 Colo. 545, 463 P.2d 457 (1970). In addition, Judge Gold-

smith erred in finding that C.R.C.P. 107 did not control the proceedings.

Because of the procedural deficiencies, it is necessary to remand this case for a new hearing on the contempt citation before a different judge. *Madonna*, 651 P.2d at 389. On remand, we direct Judge Goldsmith, who issued the citation, not to conduct the hearing. *Id.; Ealy v. District Court*, 189 Colo. 308, 310, 539 P.2d 1244, 1246 (1975); *Harthun*, 178 Colo. at 123, 495 P.2d at 541–42 ("The record in this case reveals that the semblance of due process is a sham when the judge is both prosecutor and judge.").

Accordingly, we make the rule absolute and vacate the finding of contempt and the sentences imposed against Dooley and Ray, and remand for further proceedings consistent with this opinion before a new judge.