In re MARRIAGE of Deetta Gay
JOHNSON, and Robert
Wayne Johnson,

and concerning,

Roberta A. EARLEY, Appellant,

v.

EL PASO COUNTY DISTRICT
COURT, Appellee.

No. 96CA0008.

Colorado Court of Appeals,
Div. V.

May 1, 1997.

Roberta Earley, pro se.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Elizabeth A. Weishaupl, Assistant Attorney General, Denver, for Appellee El Paso County District Court.

Opinion by Judge DAVIDSON.

Roberta Earley, an attorney, appeals from the judgment and sanctions entered against her for contempt of court by the El Paso County District Court. She contends that her contempt, if any, constituted indirect contempt, and that the court, in citing her summarily for direct contempt, violated the provisions of C.R.C.P. 107. We agree and, therefore, reverse and remand the contempt charge for additional proceedings.

Earley represented a party in a dissolution of marriage proceeding. After some delay, the case was first set for a permanent orders hearing on April 24, 1995. About two weeks prior to that date, Earley filed a motion for a continuance, citing a scheduling conflict. The motion was denied. Shortly before the April 24th hearing, Earley filed another motion to continue based on her client's medical condition. This motion was granted, and the hearing was reset for November 16, 1995. In its minute orders, the court indicated that it would not grant further continuances.

On August 11, 1995, Earley filed a motion to continue the November 16th hearing on the grounds that a custody evaluation for the children was needed and because she would be out of the state on November 16. This motion was denied.

Shortly before the hearing, Earley filed another motion to continue the November 16th hearing. In that motion, she also requested an order that she be allowed to appear by telephone. Apparently, the court did not become aware of this motion until the eve of the hearing and, in any event, did not rule on it.

On November 16, Earley did not appear in court; instead, she telephoned the court from Florida. In response to the trial court's request for an explanation for her absence from the courtroom, Earley explained that she thought the court previously had agreed to her telephone appearance because she had informed the court at an earlier hearing that she would be appearing by telephone. Her understanding was that both she and her client had permission to appear by telephone. The judge then, over the telephone, informed her that she was in direct contempt of court for failure to appear.

The judge then began to proceed with the permanent orders hearing, but the telephone

connection did not allow Earley, her client, and the judge to hear one another. At the judge's suggestion, Earley attempted to call into a phone in a different courtroom. Earley made repeated efforts to reach the court on this line, but the call would not go through. The judge then told Earley's opposing counsel that he would award attorney fees against Earley.

Subsequently, the court issued a written order in which it reiterated its finding that Earley was in contempt for failing to appear at the November 16th hearing and ordered her to appear on December 18 for sentencing.

Earley filed a motion to set aside the contempt finding and the award of attorney fees, and also requested that a different judge determine whether she had been in contempt. The court denied these motions, sentenced Earley to 24 hours of community service, and ordered her to pay both the guardian ad litem's fees and opposing counsel's fees.

She now contends that court erred in finding her in direct contempt. We agree.

Under C.R.C.P. 107(a)(1), as amended in 1995 and applicable here, contempt is:

Disorderly or disruptive behavior, a breach of the peace, boisterous conduct or violent disturbance toward the court, or conduct that unreasonably interrupts the due course of judicial proceedings; behavior that obstructs the administration of justice; disobedience or resistance by any person to or interference with any lawful writ, process, or order of the court; or any other act or omission designated as contempt by the statutes or these rules.

C.R.C.P. 107 also now specifically defines and distinguishes direct contempt and indirect contempt:

(2) Direct Contempt: Contempt that the court has seen or heard and is so extreme that no warning is necessary or that has been repeated despite the court's warning to desist.

(3) Indirect Contempt: Contempt that occurs out of the direct sight or hearing of the court.

Direct contempt may be punished summarily, and the court need only make simple factual findings to support the finding of contempt. On the other hand, indirect contempt requires notice to the accused of the contempt charged and a right to a hearing on that charge. These varying procedures reflect relevant due process requirements. *See Harris v. United States,* 382 U.S. 162, 86 S.Ct. 352, 15 L.Ed.2d 240 (1965); *Dooley v. District Court,* 811 P.2d 809 (Colo. 1991).

In addition, under C.R.C.P. 107(d), if an indirect contempt charge is initiated by the trial judge, as occurred here, the accused also has the right to have a different judge hear the charge.

The dispositive issue on appeal, therefore, is whether Earley's failure to appear in court constituted direct contempt, for which the summary procedure employed by the court was appropriate, or indirect contempt, in which case the summary procedure violated the requirements of C.R.C.P. 107.

Appellee court contends that Earley's contempt was properly treated as direct contempt because Earley was within the hearing of the court during her telephone call and because, after hearing her explanation, the court was able to assess the validity of Earley's excuses for her failure to appear. Earley, however, contends that even though she was within the hearing of the court, she did nothing during the telephone call to disrupt court proceedings, and that any allegedly contemptuous actions were committed outside the presence of the court. We agree with Earley.

Summary punishment for direct contempt is necessitated by a court's need to suppress immediate disturbances in the courtroom so that justice may be properly administered. *See Losavio v. District Court,* 182 Colo. 180, 512 P.2d 266 (1973) (interpreting language of predecessor rule). The present version of C.R.C.P. 107, as quoted above, provides further clarification that direct contempt arises from only extreme or persistent in-court conduct that disrupts court proceedings and which requires the judge to impose order.

In contrast, contempt is indirect when its determination involves matters which have occurred outside of the immediate presence of the court. *Harthun v. District Court,* 178 Colo. 118, 495 P.2d 539 (1972). Under these circumstances, a hearing must be conducted to permit the accused to explain his or her behavior and to present all relevant information. *See People v. Lucero,* 196 Colo. 276, 584 P.2d 1208 (1978).

In light of these distinctions, the circumstances under which an accused may be cited for direct contempt are narrowly drawn. *See Losavio v. District Court, supra,* 182 Colo. at 184, 512 P.2d at 268 ("summary punishment for contempt of court must be strictly confined to those instances where the contemptuous conduct occurs in open court and is seen or heard by the trial judge"); *cf. Duran v. District Court,* 190 Colo. 272, 545 P.2d 1365 (1976) (precluding summary order for direct contempt for actions that were "substantially" within presence of the court).

What does not fall within the circumscribed category of direct contempt must be treated as indirect contempt. *See Duran v. District Court, supra* (all contempts that are not direct are indirect and require that constitutional standards be met).

Here, the order allegedly violated by Earley was the order scheduling the permanent orders hearing for November 16. Earley's alleged violation was her failure to appear at that hearing. We hold that this conduct constitutes, at best, an indirect contempt. *See Harthun v. District Court, supra* (contempt arising out of a failure to appear takes place outside of the presence of the court and, therefore, must be treated as indirect contempt); *See also Dooley v. District Court, supra* (alleged contempt arising from attorney appearing without being properly prepared should be treated as indirect contempt because the failure to prepare occurred outside the courtroom).

The court's contention to the contrary notwithstanding, Earley's attempt to "appear" at the hearing by telephone—although by her explanation an attempt at compliance with the court's order—was not itself a violation of any order.

To the contrary, any disruption to court proceedings was not caused by any contemptuous statements made over the telephone—for which Earley would have been subject to summary punishment—but rather, as the court itself stated, by Earley's failure to appear in person at the hearing. Earley's "presence" on the telephone would be pertinent, therefore, only to any contempt occurring during that telephone call.

As such, no purpose was served by the imposition of punishment for direct contempt: No order was required to be restored and no immediate sanction could bring Earley back to Colorado so that proceedings could continue.

Further, the fact that, during the telephone conversation, the judge inquired into the reasons for Earley's failure to appear in person does not convert her action into a direct contempt. An inquiry by a judge is no substitute for proper notice and a hearing on the question of the adequacy of the excuse for a failure to appear. *See Smith v. District Court,* 150 Colo. 136, 371 P.2d 271 (1962) (summary finding of contempt based on court's determination that excuses of attorney who failed to appear were not sufficient violated attorney's right to hearing). Thus, Earley's alleged contempt had to be treated as indirect precisely because an inquiry was necessary—that is, because the alleged contempt took place outside of the judge's presence.

Accordingly, the judgment and sanctions are reversed, and the cause is remanded for further proceedings consistent with the views expressed in this opinion.

ROTHENBERG and ROY, JJ., concur.