No. 21148.

THE PEOPLE OF THE STATE OF COLORADO *v.*
KENNETH A. SELBY.
(396 P.2d 598)

Decided November 16, 1964.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, for the People of the State of Colorado.

KENNETH A. SELBY, pro se.

*En Banc.*

PER CURIAM.

MR. Kenneth A. Selby, attorney of the Court, was called before the Bar and thus addressed by MR. CHIEF JUSTICE MCWILLIAMS:

Mr. Selby, you have been charged with conducting yourself in a manner contrary to the highest standards of honesty, morality and professional ethics in the case of Fleming v. Fleming, Civil Action No. 13563 in the District Court in and for the County of Adams, State of Colorado. This matter was referred to the Grievance Committee of our Court, which held a hearing thereon and made its report and recommendations to us. You were directed to file exceptions to that report, if you cared to do so, and you did file such exceptions.

■ Among other things, you were charged with unlawfully and unethically conferring and dealing with Ilene M. Fleming, plaintiff in a divorce action against her husband, Leonard M. Fleming, without the presence of her lawyers and while you were representing her

husband in this matter. You were also charged with causing to be filed on her behalf a motion, which you prepared, in which she asked the trial court to dismiss her complaint; in which she confessed marital guilt; and in which she castigated her lawyers. You were also charged with casting aspersions on the trial judge who heard the case by charging him with unjudicial conduct. Our Committee found these charges against you to be sustained by the evidence.

We have reviewed the record in this case, the report of the Committee, and your exceptions to the report. We are convinced that the Committee's findings of fact that the charges above stated are true are supported by the record in this case.

■ Your conduct in this case was extremely unethical. Your preparing and filing a motion on behalf of the wife — when you represented the husband — in which she confessed marital guilt; asked her husband to forgive her; recommended to the trial judge that he grant a divorce to her husband; and castigated her former attorneys was reprehensible and contrary to all standards of morality and human decency. Your zeal in representing your client does not give you license to act in the manner disclosed by this record. It is also unbecoming and improper for a member of the Bar to act in the undignified and offensive manner which you adopted toward the trial judge during the proceedings in the trial court. Your charge that the court engaged in unjudicial conduct in attempting to protect the wife against your actions is contrary to every norm of lofty professional conduct.

■ Lawyers should ever remember that it is their duty to act with dignity, restraint and fairness in the hallowed process of seeking justice through our judicial system. Those who forget, or deliberately violate, this injunction violate their oath and obligation as lawyers and officers of the Court.

Mr. Selby, you are publicly reprimanded for your

20

derelictions of duty in the matters outlined above, and your status as a member of the Bar of this Court is in serious jeopardy. You are solemnly warned that repetition of these violations or any other breach of your duty as a lawyer will be sufficient cause for more severe disciplinary action. You are assessed costs in this matter in the sum of $127.55, which you are directed to pay into the Registry of this Court within 60 days.

That will be all, Mr. Selby. You are dismissed.