No. 23252.

THE PEOPLE OF THE STATE OF COLORADO
*v.* KENNETH A. SELBY.
(439 P.2d 341)

Decided April 8, 1968.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, L. JAMES ARTHUR, Assistant, for The People of the State of Colorado.

KENNETH A. SELBY, pro se.

*En Banc.*

MR. CHIEF JUSTICE MOORE delivered the opinion of the Court.

THE above named respondent is before this court for the fourth time in disciplinary proceedings. The first and second of these proceedings resulted in private reprimands. The third action drew a public censure and is reported at 156 Colo. 17, 396 P.2d 598.

The record presently before us involves complaints from four different sources. Our Grievance Committee conducted hearings upon these complaints and has submitted its findings and recommendations to this court. ■ We summarize the several complaints and the findings thereon as follows:

1. On the complaint of an investigator for the bar association, the Committee found respondent permitted the use of his name by a collection agency in connection with an improper collection letter; and improperly permitted his client to sign his name on court pleadings.

2. On the complaint of Henry Mason the Committee found respondent had been paid a substantial fee and costs to commence action on a promissory note, that despite repeated requests from Mr. Mason the respondent failed and refused to take any action, refused to communicate with Mr. Mason, and refused to respond in any manner to requests from Mr. Mason.

3. On the complaint of United Beverage Bureau, the Committee found respondent had failed to remit or account for sums collected by him for the complainant, and even at the trial did not account for the discrepancies.

4. On the first complaint of the Larson Distributing Company, the Committee found respondent had attached certain property and sold the same, but had refused to account for the proceeds, and had refused improperly to turn over certain files.

5. On the second complaint of Larson Distributing Company, the Committee found respondent had delayed and neglected a matter in which he had represented the complainant, and had wrongfully refused to turn over the files under claim of a lien.

6. On the third complaint of Larson Distributing Company he had delayed and neglected a matter to the prejudice of his client, and had wrongfully refused to turn over the file under a claim of a lien.

7. On the fourth claim of Larson Distributing Company, the Committee found respondent had wrongfully refused to turn over the file under a claim of a lien.

The "Recommendation" of our Grievance Committee contains the following:

"Kenneth A. Selby offered no evidence on his behalf to prove or establish the averments contained in his answers, other than stating that he relied on his answers.

"His behavior as shown above reveals a course of action on his part of failure to communicate with his clients and of treating his clients with something approaching contempt. It is a pattern of behavior revealed in the past. Nothing has been done to change it. The records of this court reveal that in January 1960 in case No. 19293 Selby received a private censure and was warned against future acts of like nature. In March 1962 in case No. 20268, he again received private censure with severe admonition and warning. In January 1964 in case No. 21148 he received public censure with severe reprimand and warning.

"In view of all of the above, and the disrepute that such continued behavior casts upon the entire profession, it is the recommendation of the committee that Kenneth A. Selby be disbarred."

The respondent filed objections and exceptions to the findings and recommendation of the Committee.

We have read the record and find an abundance of uncontradicted evidence sustaining the findings and recommendation of the Grievance Committee.

Accordingly, the respondent Kenneth A. Selby is hereby disbarred, and is directed forthwith to surrender to the clerk of this court the license to practice law heretofore issued to him. He is enjoined and prohibited from in any manner whatever engaging in the practice

of law in the State of Colorado.

Costs of the proceedings herein in the amount of $140.10 shall be paid by the respondent into the registry of this court within sixty days.

MR. JUSTICE McWILLIAMS not participating.