No. 26263

**The People of the State of Colorado v. Warren E. Roberts**

(520 P.2d 133)

Decided March 25, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, L. James Arthur, Assistant, for The People of the State of Colorado.

John B. Barnard, Robert F. Moreland, for attorney-respondent.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

This matter arises as a result of a complaint before the Grievance Committee of the Supreme Court. A formal hearing was held before a hearing committee at which the Respondent appeared, represented by counsel. There were 11 counts in the formal complaint presented against the Respondent upon which evidence was taken.

The evidence showed a complete failure on the part of the Respondent to carry out his duties with respect to matters entrusted to him by various clients, some being estate matters and some being in connection with lawsuits.

The Committee further found that in these matters he in some instances commingled or failed to account for funds received by him in trust. During the period of time these matters were going on, the Respondent had heavy drinking problems which brought his marriage, his law practice and his financial position to the brink of ruin. The testimony revealed that the Respondent still has mental and emotional problems, but that he is trying to rehabilitate himself and make restitution to those who have suffered a loss by reason of his conduct as a lawyer.

We hold that although the Respondent's misconduct resulted from his mental and emotional problems caused by heavy drinking, this does not constitute an excuse and that discipline must be meted out which will both punish him and protect the public. Although he is presently on a program of rehabilitation, we feel that the proper punishment in this case should be an indefinite suspension. We therefore indefinitely suspend the Respondent with the proviso that in no event shall the Respondent be permitted to apply for reinstatement for a period of five years from this date, and in the event he should apply he will be required to establish by clear and convincing evidence that his alcoholic and related problems have been effectively controlled for such a period of time as will warrant the conclusion that they are not likely to re-occur.

It is the further judgment of this Court that Respondent be assessed the costs of this proceeding, which are in the amount of $800.55 to be paid to the Clerk of this Court within 5 years.