## No. 26826

### The People of the State of Colorado v. Lawrence J. Gross

(543 P.2d 1264)

Decided December 22, 1975.

John P. Moore, Attorney General, John E. Bush, Deputy, L. James Arthur, Assistant, for The People of the State of Colorado.

No appearance for Attorney Respondent.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

This matter arises out of complaints filed against Lawrence J. Gross with the Grievance Committee of the Supreme Court of the State of Colorado.

Although Respondent was notified of the complaints against him and of the grievance proceedings resulting therefrom, Respondent has ignored the disciplinary process throughout. Specifically, Respondent was served by certified mail with the informal complaint, the formal complaint, and notice of the formal hearing against him, all of which were received by him, as evidenced by return receipts. Additional time was extended to Respondent, but he failed to answer the complaint against him or to otherwise contact the Grievance Committee.

The Grievance Committee proceeded with its hearing and found that Respondent, who was licensed and admitted to practice law on March 23, 1969, had been employed by Oscar D. Battad to commence proceedings for dissolution of his marriage. The Committee found that Respondent was paid the sum of $400 for his services, together with $37 for court costs. Respondent agreed to represent Oscar D. Battad and to proceed promptly to conclude the marriage dissolution matter. The Committee further found that Respondent did file a petition for dissolution of the marriage on behalf of his client but that he never carried the proceedings to a conclusion, despite numerous requests from his client to do so.

The Committee found that Respondent's client believed he was not the father of the child of his wife and that he desired to contest the matter of paternity. That, as a result of Respondent's failure to pursue the dissolution proceeding, his client was precluded from making proof contesting the paternity of the child in question, and hence he appears to be liable for child support, which might not have been the case had the proceeding been handled properly.

The Committee concluded that conduct of Respondent was clearly contrary to the highest standards of ethics and morality required of an attorney. We agree. Respondent, without excuse or reason, failed to perform his duties towards his client, even though he had been paid in advance for services which he thereafter declined to perform. Moreover, when notified of the complaint against him and of the pending hearing before the Grievance Committee, Respondent failed to answer or in any manner respond, thus indicating a complete lack of responsibility on his part towards his obligations as a lawyer.

It is the judgment of this court that Respondent be suspended from the practice of law in this state indefinitely, and that he be assessed the costs of this proceeding, which are in the amount of $162.52, to be paid to the Clerk of this court within ninety days.