## No. 27482

### The People of the State of Colorado v. Harold E. Moore, Jr.

(561 P.2d 340)

Decided March 21, 1977.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, Edwin L. Felter, Jr., Assistant, for The People of the State of Colorado.

No appearance for Attorney Respondent.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

The attorney general filed a formal complaint against Harold E. Moore, Jr., the respondent, charging him with two counts of misconduct in violation of the Code of Professional Responsibility.

After a hearing on the formal complaint, the Hearing Committee made extensive findings of fact, conclusions and recommendations to the Supreme Court Grievance Committee, which the Grievance Committee adopted. The Grievance Committee recommended disbarment, and we follow that recommendation.

Pursuant to C.R.C.P. 252, the Committee filed two copies of its report, findings and recommendations with the Clerk of the Supreme Court, who docketed the case and issued a citation directing the respondent to appear within ten days to file his exceptions to the report, or his election not to do so. A copy of the citation and report were served on the respondent. However, the respondent failed to respond to the citation in any manner.

The first count related to two civil law suits pending in the District Court of Jefferson County in one of which Lindle E. Campbell was plaintiff and in the other a defendant. The respondent had been retained by Campbell to represent him in both actions and had been paid a retainer fee of $2,500.

The respondent drafted and filed the complaint in *Campbell v. Alenco* to recover $3,500,000 in damages for slander of title. He also prepared and filed a "Motion for Service of Process Foreign Corporation." Alenco filed an answer and counterclaim. The respondent did not advise Campbell of the counterclaim nor did he file a reply thereto. The matter was set for trial on May 19, 1975. Although the respondent had knowledge of the trial date, he did not advise Campbell, nor did the respondent appear for the trial.

Prior to trial, respondent had three telephone conferences and one meeting with counsel for Alenco. On the day of trial, after substantial efforts had been made to contact the respondent, the matter proceeded to trial on the counterclaim and resulted in a judgment against Campbell for $13,471.80 plus costs.

The respondent failed to advise his client of the judgment and did not respond to a letter from the trial judge requesting "an explanation . . . as to why there was no appearance for the plaintiff" at trial.

The second case, *Naughton, et al. v. Campbell*, alleged a claim by former tenants of Campbell for treble damages based on the refusal of Campbell to return the full security deposit. The respondent filed a single page answer for Campbell but failed to notify him of the trial date. The respondent did nothing further on the case. Campbell learned of the pendency of the trial when he consulted successor counsel in connection with the *Alenco* judgment.

As a result of the respondent's dereliction of duty towards his client in the *Alenco* and *Naughton* cases, an informal complaint was filed with the Supreme Court Grievance Committee. In spite of diligent efforts by the member of the Grievance Committee assigned to investigate the complaint, she was unable to contact the respondent. Likewise, the pattern of ignoring the grievance process continued after the formal complaint was filed. Mail addressed to the respondent was returned undelivered. Although the respondent was ultimately served personally with notice of the formal hearing by use of a process server, he failed to appear in person or by counsel, nor did he appear at the continuance, although he had

personal knowledge of the new date and had consulted counsel about appearing on his behalf.

The Hearing Committee's report also discloses that the respondent requested his ex-wife to be present at the original formal hearing on September 10, 1976, to give him "moral support." The report continues:

"While respondent did not appear himself, his ex-wife was present as he had requested. She was cautioned that she would not be required to testify, but agreed to be called as a witness. From her testimony, it was obvious that she bore respondent no ill will, and it also became abundantly clear that respondent's behavior was, in large part if not wholly, attributable to the fact that respondent has been a chronic alcoholic for about eight years and, as a consequence, has not been able to function responsibly or consistently as an attorney during that period."

The Committee found that respondent's actions in failing to adequately represent his client were in violation of the highest standards of honesty, justice and morality; were violative of Disciplinary Rule 6-101(A) (3), which provides that "a lawyer shall not neglect a legal matter entrusted to him"; and constituted gross negligence under the standards of C.R.C.P. 241. *People v. Gross*, 190 Colo. 112, 543 P.2d 1264 (1975).

In *People v. Roberts*, 184 Colo. 358, 520 P.2d 133 (1974), we held that although the respondent's misconduct was attributable to his mental and emotional problems caused by heavy drinking, this does not constitute an excuse for his misconduct and that discipline must be meted out which will protect the public.

It is therefore the judgment of this court that the respondent be disbarred and that he be assessed the costs of these proceedings in the amount of $187.02 to be paid to the clerk of this court within 90 days.

MR. JUSTICE LEE does not participate.