## No. 27352

**The People of the State of Colorado v. Wright J. Morgan, Jr.**

(574 P.2d 79)

Decided November 15, 1977.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, Edwin L. Felter, Jr., Assistant, for complainant.

David A. Sorenson, for attorney-respondent.

*En Banc.*

MR. JUSTICE CARRIGAN delivered the opinion of the Court.

The respondent attorney was admitted to practice law in Colorado on February 21, 1958. In a prior grievance proceeding, he was publicly censured for failure to appear in court at crucial times in a civil action after having received proper notice to appear. As a result, a default judgment was taken against his clients, their counterclaim was dismissed and one

client was jailed on a body execution. In the same prior grievance proceeding, it was found that the respondent allowed the statute of limitations to run barring a civil action after he had been retained to file that action. The respondent was warned at that time that any further professional misconduct would "be even more severely dealt with." *People v. Morgan*, 163 Colo. 527, 431 P.2d 781 (1967).

The present proceeding arose from the respondent's employment by Wayne L. Owen and Blanche Lett to represent them in a District Court civil action. Mrs. Lett owned rental property, and Mr. Owen had been managing it. The tenants, Mr. and Mrs. Luna, vacated the rental property, leaving their furniture behind. Mr. Owen, acting pursuant to the respondent's advice, changed the locks on the premises, removed the tenants' furniture and stored it for several months. He then sold it, placing the sale proceeds in a trust account.

Sometime thereafter, the Lunas' attorney filed suit against Mr. Owen and Mrs. Lett. Mr. Owen retained the respondent to represent him in the action and sent the respondent a $150 retainer check plus the $15.00 check for court costs.

Instead of promptly filing an answer or other responsive pleading the respondent requested and obtained from opposing counsel an extension of time until June 17, 1974 for filing an answer. However, no answer was filed by that date. On July 12, 1974 the Lunas' attorney advised the respondent by telephone that a default would be taken unless the respondent filed an answer by July 22. Again the Respondent did nothing. On July 31, 1974 the Lunas' attorney filed a motion for default and a default was entered August 2, 1974.

On September 4, 1974 the respondent's clients were served with a notice that a hearing to determine damages would be held October 3, 1974; a similar notice was mailed directly to the respondent on September 16, 1974. Instead of acting promptly to file a motion to vacate the default, the respondent did nothing until the day set for the hearing on damages, October 3. That day, just prior to the hearing, he filed a motion to vacate the default accompanied by a proposed answer and counterclaim. The motion was denied and the court proceeded with the damages hearing, entering judgment for $2,652.34 against the defendants Lett and Owen.

The Grievance Committee and this court have considered as mitigating circumstances the facts that the respondent competently handled the hearing on damages, and that he timely filed both a motion for new trial (which was denied) and a notice of appeal.

After the respondent notified Mr. Owen in November or December of 1974 that an appeal had been filed, there was an apparent breakdown in communications. Mr. Owen's repeated attempts to contact the respondent by telephone or mail were unsuccessful. Finally, on January 27, 1975, a citation to appear for a C.R.C.P. Rule 69(d) proceeding was served on

Mr. Owen, and, being unable to contact the respondent, he hired another attorney, Mr. Evans, to represent him in those proceedings.

Mr. Evans, too, was unable to contact the respondent. After some negotiations, Mr. Evans settled the Luna case for $2,000 and a satisfaction of judgment was entered. Mr. Owen paid Mr. Evans $254.24 for his services. The appeal was then abandoned by the respondent, and the court of appeals eventually dismissed it.

The respondent, who was represented by counsel, testified on his own behalf at the hearing before the Grievance Committee. He admitted that he had acted improperly by failing to take prompt action in response to opposing counsel's warning that a default would be entered and by failing promptly to move to set aside the default judgment after it was entered.

It appears that the respondent has already reimbursed his client's losses and expenditures and that certain personal problems contributed to the respondent's neglect of duty in the instant matter. An attorney's personal problems, however, cannot excuse his negligence or professional misconduct, for discipline is required not only to punish the attorney but also to protect the public. *People v. Roberts*, 184 Colo. 358, 520 P.2d 133 (1974).

In view of the respondent's past record and the evidence in the instant matter, we have concluded that the hearing committee's findings are supported by the record and its recommendations are reasonable under the circumstances. Since the prior public censure and warning apparently have not accomplished their purpose, more severe discipline is appropriate. *People v. Selby*, 165 Colo. 404, 439 P.2d 341 (1968).

Therefore, it is the order of this court that the respondent be suspended indefinitely from the practice of law and that he not be permitted to apply for readmission for a period of 180 days. It is further ordered that the respondent pay the $131.35 costs of this proceeding and reimburse Mr. Owen for Mr. Evans' $254.24 legal fees to the extent they have not already been reimbursed.