## No. 28383

## The People of the State of Colorado v. Kenneth A. Selby

(606 P.2d 45)

Decided October 9, 1979.

Robert B. Kane, Disciplinary Prosecutor, Ruthanne Nedrud Polidori, for complainant.

Donald N. Pacheco, P.C., Charles H. Torres, for respondent.

*En Banc.*

JUSTICE LEE delivered the opinion of the Court.

On the 22nd day of June, 1977, formal charges of unethical conduct were lodged by the Attorney General of Colorado with the Supreme Court Grievance Committee against the respondent, Kenneth A. Selby.

The records of the court show that the respondent was initially admitted to the practice of law on February 10, 1954. As a result of misconduct, as described and reported in *People v. Selby,* 165 Colo. 404, 439 P.2d

341 (1968), he was disbarred on April 8, 1968. Prior to that disbarment, respondent had received two private reprimands, and one public reprimand reported in *People v. Selby,* 156 Colo. 17, 396 P.2d 598 (1964).

This court, upon representations made that respondent had rehabilitated himself, granted respondent's motion for reinstatement to the practice of law on October 12, 1972. However, as indicated from the account of respondent's misconduct hereinafter, contrary to the court's belief respondent was in fact not rehabilitated morally and ethically so as to qualify him for readmission to the practice of law.

Following the formal complaint of misconduct, the Supreme Court Grievance Committee conducted an evidentiary hearing at which respondent was present and represented by counsel. The Grievance Committee made detailed findings, conclusions, and recommendations to the Colorado Supreme Court. The committee unanimously found that the allegations of the formal complaint were sustained by clear and convincing evidence. The committee concluded that the conduct of the respondent violated the standards of honesty, justice and morality required of lawyers licensed to practice law, and, more specifically, the following provisions of the Code of Professional Responsibility, as adopted by the Colorado Supreme Court.

DR 1-102 *Misconduct*

(A)   A lawyer shall not:

. . . .

(4)   Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

. . . .

(6)   Engage in any other conduct that adversely reflects on his fitness to practice law.

DR 7-102 *Representing a Client Within the Bounds of the Law*

(A)   In his representation of a client, a lawyer shall not:

. . . .

(5)   Knowingly make a false statement of law or fact.

. . . .

(8)   Knowingly engage in other illegal conduct or conduct contrary to a Disciplinary Rule.

The activities of the respondent giving rise to the Grievance Committee's foregoing conclusions are summarized as follows. Sometime prior to October 13, 1976, respondent had fractured his right wrist and his arm had been placed in a cast. He was unable to write because of the cast. On that date, respondent appeared at a preliminary hearing as an attorney representing one Doyle L. Bowman, who was accused of felony assault involving the use of a shotgun. The hearing was held in the District Court of Conejos County before the Honorable Robert W. Ogburn, District Judge. Two prosecution witnesses were called by the District Attorney, John O.

Lewis. During the course of the hearing, the respondent offered several objections to questions asked by the district attorney and to adverse rulings by the court. After being overruled by the court, respondent informed the court he was withdrawing from further proceedings in the preliminary hearing. At the conclusion of the prosecution's presentation of the evidence, respondent stated to the court that he was withdrawing from the matter and was only there because he was required to be there. The transcript of the preliminary hearing indicates that the court inquired whether respondent desired to present any witnesses, to which the respondent replied: "I have no witnesses, no further participation in this so-called preliminary hearing."

The court then declared a recess and requested that the attorneys confer with him in his chambers. The purpose of the court in asking for the conference in chambers was not to admonish respondent but to explore the intent and provocation for the alleged assault which was the subject of the preliminary hearing. This conference was not transcribed. The court asked the district attorney if he wished to discuss the matter of provocation. The district attorney declined to do so. That was the extent of the inquiry concerning that matter. The judge made some informal remarks about the purpose and effectiveness of preliminary hearings. A portion of the remarks was later used by respondent as a basis for a motion to disqualify the judge. The preliminary hearing was reconvened and the court ruled that probable cause existed to bind the defendant over for trial.

Thereafter, on August 27, 1976, respondent moved to disqualify Judge Ogburn from further proceedings in the case. As revealed by the motion, the discussion at the informal conference had been covertly taped by the respondent. Although the respondent testified before the Grievance Committee that he had openly displayed the tape recorder during the conference, both the district attorney and the judge testified to the contrary. Respondent testified that he had also openly used the tape recorder, off and on, in the courtroom during the testimony taken at the preliminary hearing. Neither the judge nor the district attorney observed the respondent doing so.

It is clear from the transcript of the testimony that respondent did not obtain the consent of the court to use a tape recorder in the courtroom, and, admittedly, respondent did not advise nor obtain the permission of the court or the district attorney to tape their remarks at the in-chambers conference.

Respondent attempted to explain and justify his use of the tape recorder because of the cast on his fractured wrist and his consequent inability to write and take notes.

The conflicting testimony was resolved by the Grievance Committee against the respondent. The committee concluded that the respondent wilfully and deliberately lied at the hearing about the manner in which he

used the tape recorder. Further, the committee found that the respondent made an improper use of his recording by misrepresenting the nature of the court's remarks and using a partial quotation taken out of context to support his allegations that the court was biased in the criminal case. The committee found that this was a clear distortion of the content of the transcript made from the covert tape recording of the in-chambers conference.

We agree with the Grievance Committee that respondent's conduct in covertly recording the conference in chambers, without the prior knowledge and consent of the judge and the district attorney, and thereafter using such recording in an unfair and misleading manner is in violation of the standards of candor and fairness applicable to all lawyers admitted to practice in the state of Colorado. Inherent in the undisclosed use of a recording device is an element of deception, artifice, and trickery which does not comport with the high standards of candor and fairness by which all attorneys are bound.

A lawyer may not secretly record any conversation he has with another lawyer or person. Candor is required between attorneys and judges. Surreptitious recording suggests trickery and deceit. *See* Colorado Bar Association, *Ethics Opinion 22* (adopted January 26, 1962); *ABA Comm. on Professional Ethics, Recent Ethics Opinions,* No. 337 (August 10, 1974); *People ex rel. Attorney General v. Ellis,* 101 Colo. 61, 70 P.2d 346 (1937).

Particularly reprehensible is the unauthorized recording of the private, informal discussions with a judge in chambers. Moreover, a lawyer has a very special responsibility for candor and fairness in all of his dealings with a court. Absent mutual trust and confidence between a judge and a lawyer — an officer of the court — the judicial process will be impeded and the administration of justice frustrated.

Respondent's misconduct in covertly recording the in-chambers conference was compounded by his use of partial quotations out of context which falsely attributed to the court a purported bias which is totally unsupported by the record of the preliminary hearing. By blatantly testifying falsely before the Grievance Committee, respondent further demonstrated his untrustworthiness and unfitness to practice law.

Respondent chose to file exceptions to the findings and recommendations of the Grievance Committee. We have examined the exceptions presented and find them to be totally without merit.

The Grievance Committee has concluded that, in view of respondent's grave misconduct in this case, and his long previous history of misconduct, he lacks the essential moral and ethical qualities of character to continue in the practice of law. The committee has recommended that respondent be disbarred. We concur in that recommendation.

It is, therefore, ordered that respondent be disbarred from the practice of law in the state of Colorado.

It is further ordered that respondent pay to the Clerk of this court the costs incurred by the Supreme Court Grievance Committee in this matter, in the amount of $383.38, within thirty days from the date of announcement of this opinion.