The PEOPLE of the State of
Colorado, Complainant,

v.

Tad WALLIN, Attorney-Respondent.

No. 80SA335.

Supreme Court of Colorado,
En Banc.

Jan. 12, 1981.

Linda Donnelly, Disciplinary Prosecutor, Denver, for complainant.

Paul G. West, Denver, for attorney-respondent.

ROVIRA, Justice.

Mr. Wallin, you stand before the Supreme Court of Colorado to be publicly censured for violating your oath as an attorney.

You were the subject of proceedings before the Grievance Committee of this court based upon a formal complaint which charged that your conduct as an attorney created cause for discipline pursuant to Rule 241, C.R.C.P. Those proceedings resulted in a recommendation by the hearing committee that you receive a public censure. Upon review of that recommendation, the hearing panel revised the recommended discipline to a six-month suspension from the practice of law. After reviewing the record, we conclude that cause for discipline has been established and, because of your age and inexperience, a public censure is the appropriate discipline.

In the formal complaint you were charged with violating Rule 241(B), C.R.C.P., and the Code of Professional Responsibility, DR 1–102(A)(4) and (5) and DR 7–102(A)(6), by reason of the following acts: (1) attempting to have a prospective wit-

ness give false testimony, and (2) suggesting to a prospective witness that he retain you as his attorney in order to establish an attorney-client privilege of confidentiality.

The findings of fact of the hearing committee were supported by clear and convincing evidence, and we briefly summarize them for the purpose of this opinion.

You were licensed to practice law in Colorado in 1975. In May 1978 you represented John Doe[1] who was being investigated for a burglary in which jewelry had been stolen from the home of Clyde Daines. The jewelry was located at a pawn shop where it had been pawned by Doe. Later, Doe, who knew Daines, contacted Daines and asked him not to identify the jewelry and indicated that this request was suggested by you. Doe then invited Daines to call you and discuss the matter further. Daines contacted the police who suggested that Daines call you to discuss the proposal to help Doe and that the conversation should be recorded.

In this conversation you explored with Daines the possibility of Daines' declining to identify the jewelry or advising the police that he did not wish to pursue the prosecution. You also suggested that Daines could tell the police that the jewelry had been misplaced and would eventually turn up. At the close of the conversation, you also suggested that Daines not disclose the fact that you had talked with him.

On the following day, Daines again telephoned you, and in that conversation you suggested that Daines hire you as his attorney in order to guarantee the confidentiality of your conversations under the attorney-client privilege.

In the fall of 1978, after a grievance had been filed against you with respect to the matters summarized above, you surreptitiously recorded a telephone call that you made to Daines to discuss the grievance.

## I.

■ The first telephone conversation between Daines and you clearly reveals an effort on your part to have a witness give false statements to the police.

The second conversation establishes an effort on your part to establish an attorney-client relationship in order to protect yourself from the disclosure of an incriminating telephone conversation.

The third telephone conversation, which you initiated and recorded without the permission of Daines, also establishes unethical conduct on your part. *See Colorado Bar Association Ethics, Opinion* No. 22 (1962); *People v. Selby,* Colo., 606 P.2d 45 (1979).

DR 1–102(A)(4) provides in pertinent part that "A lawyer shall not . . . engage in conduct involving dishonesty, fraud, deceit, or misrepresentation." DR 1–102(A)(5) states that "A lawyer shall not . . . [e]ngage in conduct that is prejudicial to the administration of justice." DR 7–102(A)(6) provides that "in his representation of a client, a lawyer shall not . . . [p]articipate in the creation or preservation of evidence when he knows or it is obvious that the evidence is false."

We agree with the conclusion of the Grievance Committee that your conduct violated accepted rules and standards of legal ethics contrary to C.R.C.P. 241(B) and DR 1–102(A)(4) and (5), and DR 7–102(A)(6).

## II.

■ As previously noted, the hearing committee recommended a public censure, and the hearing panel recommended a six-month suspension from the practice of law. The recommendations are advisory only; it is our responsibility to review those recommendations and to apply appropriate sanctions. *People v. Susman,* 196 Colo. 458, 587 P.2d 782 (1978). *See ABA, Standards for Lawyer Disciplinary and Disability Proceedings* § 2.1. In exercising that responsibility we must consider the facts, circumstances, and your background.

While your conduct cannot be condoned, we note that, at the time the events herein took place, you had been a solo practitioner

---

1. We have elected to use a fictitious name for this person.

for less than one year and had handled only one prior felony case. While your attempt to aid your client was misguided and demonstrated a lack of awareness of the basic rules of the Code of Professional Responsibility, there is no evidence that you personally benefited from these acts.

The record reflects no prior disciplinary action against you, a recognition by you of the seriousness of your acts, and an offer of service to the Grievance Committee whereby you could remedy your ignorance of ethical problems and also assist other young attorneys.

 After considering all of the factors involved in establishing appropriate discipline, it is our view that the recommendation of the hearing committee should be followed. You are therefore publicly censured and assessed the cost of these proceedings in the amount of $428.59, which shall be paid to the clerk of this court within sixty days.