22179

In the Matter of AN ANONYMOUS MEMBER OF the SOUTH CAROLINA BAR, Respondent.

(322 S. E. (2d) 667)

Supreme Court

Atty. Gen. T. Travis Medlock, Sr., Asst. Atty. Gen. Richard B. Kale Jr., and Sr. Asst. Atty. Gen. William K. Moore, Columbia, for complainant.

Terry E. Richardson, Jr., of Blatt & Fales, Barnwell, and Thomas D. Rogers, III, of Blatt & Fales, Charleston, for respondent.

Heard Oct. 16, 1984.

Decided Nov. 7, 1984.

Per Curiam:

Respondent, a member of the South Carolina Bar was charged with the following: (1) engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation in violation of DR 1-102(A)(4); (2) engaging in conduct tending to bring the courts or the legal profession into disrepute in violation of Section 5(D) of the Rules on Disciplinary Procedure; (3) engaging in conduct prejudicial to the administration of justice in violation of DR 1-102(A)(5); (4) engaging in conduct ad-

versely reflecting on his fitness to practice law in violation of DR 1-102(A)(6); (5) engaging in conduct giving the appearance of impropriety in violation of Canon 9 of the Code of Professional Responsibility; and (6) communicating with an adverse party during the course of representation of a client in violation of DR 7-104(A)(1).

The facts are undisputed. Respondent was retained by family member for the purpose of investigating an auto accident. Respondent telephoned the driver of the other vehicle, who was not represented by counsel. When the driver inquired as to his identity, respondent stated that he was the injured driver's cousin, but did not identify himself as an attorney. Furthermore, he secretly recorded the conversation.

Respondent sought to use this tape recording at the disposition of the driver some two years later. The driver's attorney questioned the propriety of this recording and respondent subsequently withdrew from the case. The case was thereafter settled by substitute counsel without further use of the tape recording.

The Panel found that respondent's failure to identify himself as an attorney did constitute a violation of DR 1-102(A)(4) as his conduct involved misrepresentation. Furthermore, the Panel determined that the recording of the conversation did not constitute professional misconduct. We disagree with the latter holding; however, we feel that the Panel's recommendation of a Private Reprimand should be adopted as the appropriate sanction under the circumstances of this case.

Respondent's failure to identify himself as an attorney was a clear violation of DR 1-102(A)(4). He did identify himself to the driver as the "cousin" of the other driver, and contends that this gave sufficient notice of the adversarial nature of the conversation. The family relationship, however, cannot be equated with an attorney-client relationship; therefore, we agree that respondent's conduct constituted a violation of DR 1-102(A)(4) as conduct involving misrepresentation.

The remaining issue is whether an attorney may tape record a conversation without the knowledge and consent of all parties to the conversation. This is a question of first impression in South Carolina.

Formal Opinion 337 of the American Bar Association, Committee on Ethics and Professional Responsibility states that a lawyer's secret recording of a conversation does constitute professional misconduct. A majority of American Jurisdictions seem to reach the same conclusion when ruling on the issue. *See People v. Wallen*, 621 P. (2d) 330 (Colo. 1981); *People v. Selby*, 606 P. (2d) 45 (Colo. 1979); *Penney v. Blush*, 356 So. (2d) 590 (Miss. 1978), Alaska Bar Association, Opinion 83-2 (June 1983); New York Bar Association, Opinion 328 (March 1974).

We hold, under these facts, an attorney is guilty of misconduct under DR 1-102(A)(4) where a recording is made of a conversation with an adversary or a potential adversary without the knowledge and consent of all parties to the conversation.

In light of the fact that the propriety of respondent's conduct presents a novel question, more lenient sanction will be imposed than would otherwise by demanded. Therefore, we remand the cause to the Board of Commissioners on Grievances and Discipline for the imposition of a private reprimand.

Private reprimand.