22371

In the Matter of Jan L. WARNER.
(335 S. E. (2d) 90)

Supreme Court

*Atty. Gen. T. Travis Medlock, Sr. Asst. Atty. Gen. Richard B. Kale, Jr.,* and *Asst. Atty. Gen. Clifford O. Koon, Jr.,* Columbia, *for complainant.*

*Kermit S. King,* of *King & Cobb, P.A.,* and *Nathan M. Crystal,* Columbia, *for respondent.*

Heard June 27, 1985.

Decided Sept. 11, 1985.

*Per Curiam:*

This is a disciplinary action charging Respondent with misconduct as defined in the Rules on Disciplinary Procedure. Specifically, he is charged with violation of DR 1-102 which provides that a lawyer shall not "engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

Both the Panel and Executive Committee, unanimously, found Respondent guilty of misconduct. We agree. The sanction of a private reprimand, recommended by the Panel, was raised by the Executive Committee to that of temporary suspension for one year.

The misconduct here relates to Respondent's involvement and complicity with the Complainant, his client in a divorce action, in a scheme to first entrap, then record her conference with a family court judge (Judge).

Respondent placed in the hands of the Complainant a recording device concealed in what, to normal and outward appearances, was an attorney's briefcase. Although Respondent's investigator made physical delivery of the device to Complainant, it was at the instance and direction of Respondent. He also furnished Complainant with an additional smaller recorder, suitable for her pocketbook.

The scheme was foiled by an anonymous tip to the South Carolina Law Enforcement Division (SLED). On the occa-

sion of Complainant's visit, the Judge's chamber had been placed under voice and visual surveillance.

After Complainant had obtained her divorce, she disclosed what had taken place, as a result of which charges were filed against Respondent.

It is not necessary to a determination of this matter that a lengthy recitation from the record be made. There is abundant evidence of Respondent's ill will toward the Judge, constituting sufficient motive for him to act as he did. Moreover, if Respondent's own version of what transpired is accepted as correct, the finding of misconduct is not disturbed.

Respondent defends primarily on the ground that alleged statements made by Complainant to him concerning the Judge left him with no choice but to assist her in obtaining "hard evidence" to substantiate the claims. He reasons that a dilemma, constituting a "novel question", was thrust upon him by his client's allegations.

Respondent's reasoning is specious and unacceptable. There was no dilemma created by the Complainant's allegations, assuming they were made as he testified. The proper courses of action available to Respondent were obvious.

Accepting his version of events as true, which is denied by Complainant, Respondent elected, at best, to take the law into his own hands and, at worst, to bring discredit upon the legal profession.

Every member of the Bar knows, or is charged with knowledge, that complaints about members of the judiciary should be filed with the Judicial Standards Commission. Respondent had the choice of referring Complainant to that Commission or furnishing to the Commission her affidavit.

Upon oral argument Complainant's counsel succinctly commented that lawyers simply do not participate in any manner in the furtive recording of judges in their chambers. It is *equally* reprehensible and impermissible for an attorney to secretly record another attorney or, indeed, another person.

The interdiction of such activity is emphatically expressed in the decisions of all jurisdictions in which it has been

considered. Respondent's point that the facts here present a case of first occurrence in South Carolina will be unavailing to any attorney in the future. We will not tolerate such conduct.

Respondent has practiced law for 17 years in domestic relations, generally conceded to be the most emotionally charged area of trial litigation. A mitigating factor in the imposition of sanction here is that, until this proceeding, no disciplinary action has ever been taken against Respondent for alleged misconduct of any kind.

We conclude that the proper sanction upon all the facts and circumstances is a public reprimand.

Accordingly, Respondent Jan L. Warner stands publicly reprimanded by this Court for his acts of misconduct.

Public reprimand.