In the Matter of An ANONYMOUS MEMBER
of the SOUTH CAROLINA BAR
(404 S.E. (2d) 513)

Supreme Court

May 7, 1991.

## ORDER

The question as to whether an attorney can electronically tape record a conversation without the knowledge and consent of all parties to the conversation is not one of first impression in this Court. This Court has addressed this issue, at least within the parameters of the facts set forth in *In re Anonymous Member of the South Carolina Bar*, 283 S.C. 369, 322 S.E. (2d) 667 (1984). In *In re Anonymous*, an attorney was retained by a family member for the purpose of investigating an automobile accident in which the family member had been involved and injured. The attorney telephoned the driver of the other vehicle who was not represented by counsel. In addition to the attorney identifying himself to the driver of the other vehicle merely as the injured family member's cousin, without advising him that he was an attorney, he secretly recorded the conversation. Two years later, the attorney sought to use this tape recording at the disposition of the case. When the propriety of the use of the tape recording was ques-

tioned, the attorney withdrew from the case. Although the case was thereafter settled by substitute counsel without use of the tape recording, a complaint was filed against the attorney.

At the conclusion of the disciplinary proceedings, this Court found that under the facts of that particular case, the attorney was guilty of misconduct under DR 1-102(A)(4)[1] for recording a conversation with an adversary or potential adversary without the knowledge and consent of all parties to the conversation. In so ruling, this Court relied, primarily, on ABA Comm. on Ethics and Professional Responsibility, Formal Op. 337 (1974). Formal Opinion 337 stated that with certain exceptions, it was indeed, an ethical violation for an attorney to record conversations of any persons without prior knowledge and consent of all parties to the conversation.

One year later, this Court was faced with a similar issue. In the case of *In re Warner*, 286 S.C. 459, 335 S.E. (2d) 90 (1985), the attorney, who, in the course of representing a client in a divorce action, engaged in a scheme to first entrap, then record a conference with a family court judge. In *In re Warner*, the attorney arranged for his client to carry a concealed recording device into a conference between the client and the family court judge. In rejecting the attorney's contention that statements made to him by his client concerning the family court judge left him with no alternative but to assist his client in obtaining "hard evidence" to substantiate the claims, this Court held that every member of the Bar knows, or is charged with knowledge, that complaints about members of the judiciary should be filed with the Judicial Standards Committee. The Court also unequivocally stated that it was "reprehensible and impermissible for an attorney to secretly record another attorney or, indeed, another person." *In re Warner*, 286 S.C. at 461, 335 S.E. (2d) at 91.

Although we thought that the issue of the propriety of secretly recording a conversation of any person had been adequately addressed by this Court in *In re Anonymous Member of the South Carolina Bar* and *In re Warner*, this Court has

---

[1] Sup. Ct. Rules, Rule 32, Code of Prof. Resp. DR 1-102(A)(4) prohibited a lawyer from engaging in conduct involving dishonesty, fraud, deceit or misrepresentation. This provision is now contained in S.C. App. Ct. Rules, Rule 407, Rules of Prof. Conduct 8.4(d), effective September 1, 1990.

again been presented with a similar issue. The subject of this order involves the question of whether an attorney may utilize a recording device without prior knowledge and consent of all parties to the conversation, as an alternative means of taking notes. We recognize that it can be difficult for an attorney to partake in a conversation, yet at the same time, take notes that accurately reflect what was discussed and decided.

However, we reaffirm our prior rulings that an attorney shall not record a conversation or any portion of a conversation of any person whether by tape or other electronic device, without the prior knowledge and consent of all parties to the conversation. *See In re Anonymous Member of the South Carolina Bar, supra; In re Warner, supra.* Henceforth, this rule shall be applied irrespective of the purpose(s) for which such recordings were made, the intent of the parties to the conversation, whether anything of a confidential nature was discussed, and whether any party gained an unfair advantage from the recordings.