In the Matter of the ATTORNEY GENERAL'S PETITION.
(417 S.E. (2d) 526)

Supreme Court

March 25, 1992.

ORDER

The Attorney General has petitioned the Court to amend our order in *In the Matter of An Anonymous Member of the South Carolina Bar*, 304 S.C. 342, 404 S.E. (2d) 513 (1991). This order reaffirmed prior rulings that it was unethical for an attorney to record a conversation with another person without the prior knowledge and consent of all parties to the conversation. *See In re Warner*, 286 S.C. 459, 335 S.E. (2d) 90 (1985); *In re Anonymous Member of the South Carolina Bar*, 283 S.C. 369, 322 S.E. (2d) 667 (1984). The Attorney General asserts this rule is causing problems in criminal investigations. We therefore clarify our earlier rulings.

The Attorney General informs us our order causes ethical dilemmas for attorneys in five situations:

(1) Where an attorney who is receiving anonymous telephone threats wishes to record these calls;

(2) Where an attorney wishes to record anonymous information received over the phone;

(3) Where a government attorney wears a "wire" to surreptitiously record individual(s) attempting to bribe the attorney;

(4) Where a criminal defendant, represented by an attorney, contacts the Attorney General's Office directly and alleges his attorney is part of the criminal enterprise; and

(5) Where an attorney, himself the subject of a criminal investigation, wishes to cooperate with law enforcement authorities in part by secretly recording conversations with other individuals.

In our opinion, the fourth situation should be handled by telling the caller that the attorney will be recording the conversation in order to maintain an accurate record should any questions later arise. As for the other four situations, we now hold that it is not unethical for an attorney to surreptitiously record any conversation when that recording is made with the prior consent of, or at the request of, an appropriate law enforcement agency in the course of a legitimate criminal investigation. An attorney charged with mak-

ing an unethical recording shall have the burden of proving such recording was made pursuant to one of the exemptions provided above. Accordingly, we clarify our earlier rulings.

It is so ordered.