# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Cecil Duff Nolan, Jr., Respondent.

Appellate Case No. 2016-002497

Opinion No. 27704
Submitted January 12, 2017 – Filed February 15, 2017

## PUBLIC REPRIMAND

Lesley M. Coggiola, Disciplinary Counsel, and Barbara M. Seymour, Deputy Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Cecil Duff Nolan, Jr., of Stuttgart, Arkansas, *pro se*.

**PER CURIAM:**   In this attorney disciplinary matter, the Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR).  In the Agreement, respondent admits misconduct and consents to the imposition of an admonition or public reprimand.  We accept the Agreement and issue a public reprimand.  The facts, as set forth in the Agreement, are as follows.

## Facts

Respondent is licensed to practice law in Arkansas.  At all times relevant to these matters, respondent was providing or offering to provide legal services in South Carolina.  Therefore, respondent is a lawyer as defined in Rule 2(q), RLDE, and is subject to the disciplinary authority of this Court and the Commission on Lawyer

Conduct pursuant to Rule 8.5(a) of the South Carolina Rules of Professional Conduct, Rule 407, SCACR.

Respondent represented intellectual property holders from Georgia.  In 2009, respondent brought an infringement action on behalf of the property holders (the plaintiffs) alleging the defendant was selling a product in violation of the plaintiffs' rights.  The lawsuit was originally filed in federal court in Georgia, but was removed to South Carolina because the defendant is a South Carolina business and the alleged violation occurred in South Carolina.

In the course of preparing for the litigation, respondent's private investigators travelled to locations in South Carolina to pose as customers in an effort to obtain evidence to prove that the defendant was violating the intellectual property rights of the plaintiffs.  During the investigation, respondent's investigators made false statements to the defendant's employees and used tactics designed to prod the employees into making statements about the product.  Respondent's investigators tape-recorded these conversations without notice to the employees.

Respondent was unaware that secret tape-recording, pretexting, and dissembling were in violation of the South Carolina Rules of Professional Conduct.[1]  He acknowledges that it was incumbent upon him to research the law in South Carolina before sending his investigators to this state.

Respondent admits that the conduct of the investigators in secretly tape-recording the conversations with the defendant's employees, posing as the defendant's customers, and coercing and manipulating the defendant's employees violated the following Rules of Professional Conduct, Rule 407, SCACR:   Rule 4.4(a) (in representing client, lawyer shall not use means that have no substantial purpose other than to embarrass, delay, or burden third person, or use methods of obtaining evidence that violate the legal rights of third person); Rule 8.4(d) (it is professional misconduct for lawyer to engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); and Rule 8.4(e) (it is professional misconduct for lawyer to engage in conduct prejudicial to administration of justice).  Respondent further admits that he is responsible for the conduct of his investigators and, therefore, he

---

[1] *See In the Matter of an Anonymous Member of the Bar*, 304 S.C 342, 404 S.E.2d 513 (1991); *In the Matter of Warner*, 286 S.C. 459, 335 S.E.2d 90 (1985); and *In the Matter of an Anonymous Member of the Bar*, 283 S.C. 369, 322 S.E.2d 667 (1984).

violated the following additional provisions of the Rules of Professional Conduct: Rule 5.3(c) (lawyer shall be responsible for conduct of person that would be violation of Rules of Professional Conduct if engaged in by lawyer if lawyer orders or, with knowledge of specific conduct, ratifies conduct involved) and Rule 8.4(a) (it is professional misconduct for lawyer to violate Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another).

Respondent admits that by his conduct he has violated the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR:  Rule 7(a)(1) (it is ground for discipline for lawyer to violate Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers).

## Conclusion

We find respondent's misconduct warrants a public reprimand.  Accordingly, we accept the Agreement and publicly reprimand respondent for his misconduct.

**PUBLIC REPRIMAND.**

**BEATTY, C.J., KITTREDGE, HEARN and FEW, JJ., concur.**